STATE OF MINNESOTA *ex rel.* Julia D. Ashton *vs.* REGISTER OF DEEDS OF RAMSEY COUNTY.

## June 28, 1880.

Record of Deeds—Prepayment of Taxes and Assessments.—It is unlawful for the register of deeds of Ramsey county to receive for record or to record deeds of real estate situate in the city of St. Paul, which have not upon them the county auditor's statement as to taxes, provided for in Laws 1878, *c.* 1, § 106, (Gen. St. 1878, *c.* 11, § 106,) and the city treasurer's certificate as to assessments, provided for in Sp. Laws 1874, p. 79, § 73.

Appeal by the register of deeds from an order of the district court for Ramsey county, *Wilkin,* J., presiding, directing the issuance of a peremptory writ of *mandamus.*

*E. G. Rogers,* for appellant.

*Frederick Allis,* for respondent.

The acts of the legislature in question are unconstitutional, as they conflict with Const. art. 1, § 2. The lands being allodial (Const. art. 1, § 15,) the right to transfer them is a right of the owner and her grantee. The recording act (Gen.

St. 1878, c. 40, § 21,) compels one to record his deed before he can perfect his title. The protection of the recording act is at least a privilege, if not the right, of every purchaser of land. The acts under which the defendant protects himself deprive the relator of these privileges, and not by the law of the land.

These acts compel the purchaser to pay these taxes without giving him an opportunity to be heard to contest or correct the tax. The tax becomes a lien on December 1st, and must be paid before a deed can be recorded on that day, though the opportunity to be heard occurs long afterwards. The effect of the act is to compel the purchaser to pay the taxes, whether void or otherwise, and without his day in court. Such a provision is clearly unconstitutional. Cooley on Taxation, 265–268. Such an act is not within the functions of the legislature. An act directing money to be paid for taxes, whether legal or illegal, would not be legislation, but in the nature of judicial action. *Tyson* v. *School Directors*, 51 Pa. St. 9. If the disability to record the deed is to be regarded as a penalty for non-payment of taxes, the act is unconstitutional under the rule that no penalty can be imposed without a judicial investigation, and an opportunity to be heard to contest the delinquency. Cooley on Taxation, 313–315.

It is no answer to this to say that the purchaser may contest the tax, or "mandamus" the auditor, for during this delay he may lose his title by a subsequent deed being put on record in the meantime; *Ex parte Goodell,* 14 John. 325; nor that the purchaser might bring a suit for his damages, for the damages from loss of his title might be far beyond the ability of the auditor to pay. *Strong's Case,* Kirby, (Conn.) 345. Nor is it any answer to say that the purchaser may pay the tax under protest, and recover it back by suit, for (1) it is at least a moot question whether he could recover it back; and (2) it would be as unlawful for the state to force him to advance money, and endure a long and expensive lawsuit about

the tax, as it would be to deprive him of the benefit of the recording act; and (3) the privilege of the purchaser to record his deed is a privilege to record it without paying any. thing illegal under protest.

It is a fallacy to say that because the legislature may take the fee of the land by forfeiture for non-payment of the tax, therefore it may impose this incapacity of transfer upon lands upon which taxes are not due. (1) The forfeiture is always a proceeding to collect the tax. The land is taken and the tax is paid, and the owner discharged of it. But these acts have no such purpose. They take away the right of alienation from the land, but do not discharge any portion of the tax. After the disability is imposed, the tax remains as before, and the land is still liable for it. (2) No forfeiture can take place, without giving the owner his day in court.

It is unconstitutional to impose any other penalty than a money penalty for non-payment of taxes. The only theory on which a penalty is allowed is as a compensation for delay and cost of collection, and it is always a percentage on the amount of the tax. *Scammon* v. *City of Chicago,* 44 Ill. 269, 278.

Berry, J. Mary Jane Ashton, being owner in fee of certain real estate in the city of St. Paul, on September 21, 1877, conveyed the same to the plaintiff, by warranty deed, duly executed and acknowledged; and on October 24, 1877, J. H. Ashton and others, having an interest in certain real estate in said city, conveyed the same to the plaintiff, by a quitclaim deed, also duly executed and acknowledged. Neither of the deeds having been recorded, the plaintiff, on September 10, 1879, presented the same to the defendant, as register of deeds, at his office, for record, tendering the proper fees. Neither of the deeds had indorsed or noted upon it any statement or certificate in relation to taxes or assessments, either of the auditor of Ramsey county or of the city treasurer of St. Paul. For want of such statement or certificate, the register refused to receive or record the deeds. The plaintiff there-

upon sued out an alternative writ of *mandamus*, requiring. the defendant to receive and record the deeds, or to show cause why he had not so done. The respondent answered, setting up, among other things not here important, the facts above stated as to the lack of a statement and certificate. The answer was held to show no legal excuse for his refusal to receive and record the deeds, and the writ was accordingly made peremptory.

Laws 1878, *c.* 1, § 106, (Gen. St. 1878, *c.* 11, § 106,) enacts that "when any deed, plat of any town site, or instrument affecting the same, or any other conveyance of real estate, is presented to the county auditor for transfer, he shall ascertain from the books and records in his office if there be delinquent taxes due upon the land described therein, or if it has been sold for taxes; and if there are delinquent taxes due, he shall certify to the same; and upon the payment of such delinquent or other taxes that may be in the hands of the county treasurer for collection, he shall transfer the same, and note upon every deed of real property so transferred, over his official signature, 'taxes paid and transfer entered;' or, if the land described has been sold or assigned to an actual purchaser for taxes, 'paid by sale of land described within;' and unless such statement is made upon such deed or other instrument, the register of deeds shall refuse to receive or record the same. A violation of the provisions of this section by the register of deeds shall be deemed a misdemeanor, and, upon conviction thereof, he shall be punished by a fine not less than one hundred dollars, nor exceeding one thousand dollars."

Sp. Laws 1874, *c.* 1, subch. 7, tit. 1. § 73, (p. 79,) provides that "the register of deeds shall not record any deed from a private person or private corporation unless there be endorsed on such deed a certificate of the city treasurer that all assessments for local improvements have been paid; and any violation of this provision by the register of deeds shall be a misdemeanor, and be punishable by a fine not exceeding double the amount of the unpaid assessment."

The question for us to determine is whether the register of deeds of Ramsey county can be compelled to receive for record and to record deeds of real estate, not having upon them the county auditor's statement and the city treasurer's certificate, thus provided for by law?

It cannot be doubted that it is competent for the legislature, in the exercise of its general legislative authority, to provide for the manner of transferring title to real estate, and for the registration of conveyances thereof. For the latter purpose it may establish a registry office, and require books to be kept, in which such conveyances may be recorded. It may also provide for a register of deeds, whose duty it shall be to receive for record and record conveyances of real estate, for certain prescribed fees. It may also prescribe the duties of such register, the manner in which, and the terms and conditions upon which, he shall discharge such duties. To this end it may provide what instruments he shall record, and how they shall be executed and authenticated, by acknowledgment or otherwise, to entitle them to record; and because the constitution imposes no restriction upon the authority of the legislature in the matter, we can see no reason why it is not competent for the legislature to prescribe any other rule, regulation or condition with reference to the registration of conveyances of real estate, which, in its wisdom, it may see fit to enact, provided only that such its action is legislative.

It is therefore competent for the legislature to enact, as it has done in the statutes before quoted, that no register of deeds shall record any deed not having thereon the county auditor's statement and the city treasurer's certificate, as therein prescribed. That it is the duty of the register of deeds to obey the law follows as a matter of course. He is a creature of the statute, and his powers and duties are such as the statute prescribes, and no others. These conclusions are not at all affected by the position taken by plaintiff's counsel, that the constitution (article 1, § 15) declares all lands within this

state to be allodial; that therefore the owner has a right to transfer his land, and his grantee to receive such transfer; and that the statutory provisions quoted have the effect to deprive a purchaser of the privilege and right of perfecting his title by recording his deed under this statute; or by the further position that the effect of these statutory provisions is to compel a purchaser to pay taxes, without having an opportunity to contest their validity, or that they impose what is, in effect, a penalty for non-payment of taxes. Whatever else these considerations may tend to show, they do not in anywise tend to show that it is the duty or the right of the register to disobey the law.

The order allowing a peremptory *mandamus* is accordingly reversed.