## FEDERAL INTERMEDIATE CREDIT BANK OF ST. PAUL, MINNESOTA, v. MARYLAND CASUALTY COMPANY.[1]

March 29, 1935.

No. 30,153.

[1]Reported in 259 N. W. 793.

*Orr, Stark, Kidder & Freeman,* for appellant.
*Oscar S. Wilson* and *Fosnes & Rolloff,* for respondent.

HILTON, JUSTICE.

The action is on a bond conditioned for the faithful performance of all the duties enjoined by law upon the register of deeds of Murray county, Minnesota. Defendant's demurrer to the complaint on the ground that it failed to state a cause of action was overruled, the court certifying that the question presented was important and doubtful. Defendant appealed from that order.

The complaint alleges substantially as follows: On March 10, 1931, Farmers Agricultural Credit Association (hereinafter referred to as association) held a chattel mortgage upon all of the personal property of one John O'Connell, a resident of Murray county, except 80 shoats, as security for an indebtedness of $1,797.50. The indebtedness was then past due. One J. J. Kearns had a chattel mortgage on the 80 shoats as security for the payment of $1,100, which mortgage had been duly filed and record made thereof. On or about the above date O'Connell applied to the association for an extension of his indebtedness. Before such extension would be granted the association required satisfaction of the Kearns mortgage so that it would have a first mortgage on 15 of the shoats. For the purpose of ascertaining that the Kearns mortgage had been so satisfied of record, the association requested L. C. Christenson, register of deeds of Murray county, to furnish it with "an abstract of all mortgages filed and of record in his office against the said John O'Connell which had not been released or satisfied." Pursuant to that request Christenson, on March 13, furnished an abstract purporting to give a list of all mortgages then on file in his office against O'Connell which had not been released or satisfied. The Kearns mortgage was not included in the abstract, so that it did not disclose or give any information that Kearns's mortgage was still a valid and subsisting mortgage on the property therein de-

scribed. Relying on the abstract, the association accepted a renewal mortgage from O'Connell on 15 shoats and increase thereof, as well as on other personal property. Before the renewal note and mortgage became due it was duly assigned to plaintiff herein. The mortgage held by Kearns upon the 80 shoats was in fact unsatisfied and constituted a valid first lien on the 15 shoats, and they were thereafter sold and the proceeds applied on the indebtedness of O'Connell to Kearns. The reasonable value thereof was $479. The property covered by plaintiff's mortgage was sold for the sum of $806.04, and that sum was applied on the indebtedness of O'Connell to it, leaving a balance of $479. On December 23, 1933, plaintiff obtained a judgment against Christenson for $576.31, including interest and costs. The complaint alleges that both O'Connell and Christenson were and are insolvent. The bond was made a part of the complaint and provided:

"If the said principal [Christenson] shall faithfully and impartially perform all and singular the duties enjoined upon him by law without fraud, deceit, or oppression and pay over without delay to the office entitled by law thereto all moneys which shall come into his hands by virtue thereof, then this obligation shall be void, otherwise to remain in full force and effect."

The liability of defendant depends upon whether or not Christenson violated a duty "enjoined upon him by law." The bond contract covered only such duties, and the applicable statutes expressly prescribe that the bond of a register of deeds shall be conditioned upon the faithful and impartial performance of the duties of his office. 1 & 2 Mason Minn. St. 1927, §§ 873, 9698. If the register of deeds is not required by law to furnish an abstract of chattel mortgages on file and of record in his office no liability attaches to the defendant. No liability exists on the bond of a public officer for the negligent performance of a duty not imposed on him by law. Cressey v. Gierman, 7 Minn. 316 (398); County of Mower v. American Bonding Co. 133 Minn. 274, 158 N. W. 394, and cases cited; 46 C. J. p. 1068, § 399; 53 C. J. p. 1076, § 25. The register of deeds is "a creature of the statute, and his powers and

duties are such as the statute prescribes, and no others." State ex rel. Ashton v. Register of Deeds, 26 Minn. 521, 525, 6 N. W. 337, 338.

1 Mason Minn. St. 1927, §§ 873 to 904-2, relate to the office of register of deeds. Sections 875 to 877 and §§ 894 to 896 provide for certain records to be kept and specify the exact form and manner of entries therein. Section 882 provides that the register shall "exhibit free of charge * * * any of the records or papers in his official custody to the inspection of any person demanding the same, either for examination, or for the purpose of making or completing an abstract or transcript therefrom." Section 900 prescribes in detail the duties of the register with respect to abstracts of title to *real estate.* Sections 904-1 and 904-2 require the register of deeds to furnish, upon request of an elevator company, an abstract of mortgages and liens "upon grains grown during the year within the county." This is the only statutory provision requiring the register of deeds to furnish an abstract of chattel mortgages or liens upon personal property. Section 8365 requires the register to file any instrument entitled to filing and prescribes a fee of twenty-five cents for such filing and "twenty-five cents for a *certified copy thereof,* when a copy is furnished." Respondent contends that this provision should be construed to include abstracts. We do not agree therewith. The provision is in plain language, and no meaning can be given it that would include a requirement obviously intentionally omitted. If the duty to furnish abstracts is included in this section, there would be no need for the special provision referring to the furnishing of abstracts of chattel mortgages and liens upon grains as provided for in §§ 904-1 and 904-2. We conclude that the making of the abstract here involved was not within the official duties of the register of deeds, and the defendant is not liable for negligence in the performance of that act. The demurrer to the complaint should have been sustained.

Reversed.