## McGunnegle vs The State.

1. The act of Feb. 6, 1837, (Laws of Mo. session 1836-7, p. 70;) for summoning petit jurors for St. Louis county, is cumulative.
2. The 4th sect of the act incorporating the "central fire company," of St. Lonis, (Laws of Mo. session 1836-7; p. 172,) exempting the "active and efficient" members of that corporation from serving on juries, is neither unconstitutional, nor, in this instance, repugnant to the general policy of the law.

### Geyer for Plaintiff.

1. That the act concerning petit jurors, which was read in evidence, is the only authority for summoning petit jurors in the circuit court in St. Louis county.

2. That the failure of the county court to execute that act, does not suspend its operation, and subject the citizens of the county to the discretion of the circuit court.

3. The plaintiff in error not being required to serve, by the authority of any law in force in St. Louis county, could not, lawfully, be compelled to serve.

4. The plaintiff being an acting and efficient member of the central fire company, and, as such, exempt from service upon any jury, he ought, therefore, to have been discharged, on claiming his exemption. Act concerning petit jurors, approved, Feb'y. 6, 1837. Act to incoporate the central fire company of St. Louis.

### Bent, Circuit Attorney, for the State.

It is provided by the Constitution of the United States, that in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. Constitution U. S. amendments article 7.

It is also provided by the Constitution of the State of Missouri, (Article 13, sec. 8,) that the right of trial by jury shall remain inviolate.

Now it will be seen, that if the county court has neglected to make a list of jurors, pursuant to the law above referred to by the plaintiff in error, and there remained no other mode of procuring jurors, the above provisions of the constitution, above quoted, would be entirely nugatory.

Now it is contended, by the defendant in error, that in the last mentioned decision there is no error: Because, 1st. It is

MAY TERM 1840.

McGunnegle
vs
The State.

well settled constitutional law, that Legislatures cannot enact a law which would defeat the provisions of the constitution, either indirectly or directly.

If the Legislature have power to exempt one society, or body of people, from serving as jurors, they have power to exempt *ad infinitum.*

It might further be asked: Does the first law, above referred to, exempt all persons, not listed as thereby required, from serving on juries before justices of the peace on trials for assaults and batteries, and in cases of forcible entry and detainer?

. If they are so excepted, and the terms of the law, if those laws are to be enforced, seem to contemplate that they are, we must advert to "an act concerning jurors," approved Feb. 13th, 1839, page 76, sec. 3, which provides, that "no person shall be required to serve on more than six juries in one year," and then enquire how all these laws can be enforced in *St. Louis county*, and yet juries be procured? Laws of Missouri 1838–9, p. 76. A law impossible to be enforced is null.

*Opinion of the Court delivered by McGirk Judge.*

At the February term of the circuit court for St. Louis county, George K. McGunnegle was summoned by the sheriff to serve as a petit juror, who refused to serve, and for so refusing the court imposed on him a fine of five dollars. To reverse that judgment, imposing the fine, McGunnigle has brought his cause to this court.

It appears, by a bill of exceptions, that McGunnegle, in excuse for not serving on the jury, relied and insisted, before that court, for exemption, on an act of the Legislature, passed the 6th day of Feb'ry 1837. The act will be found in page 70 of the acts of 1837, by which, it is provided: "that it shall be the duty of the county court of St. Louis county, to keep a list of persons subject to serve as petit jurors in said county, and to furnish the sheriff of said county, at least ten days prior to the sitting of the circuit court, with the names of forty eight suitable persons on said list, to serve as jurors, at the approaching term of the circuit court; and that the 12 first on the list, shall serve the first week; the

MAY TERM
1840.

McGunnegle
vs.
The State.

next 12 shall serve the second week, and so on till the list is gone through." The act provides, that no one shall be required to serve on more than six juries in one year, and the persons so serving, shall not be required again to serve till all qualified have served. The act then provides, that the circuit court may, as often as it may be necessary, order an additional number of jurors to attend said court; and that all jurors shall receive out of the county treasury for serving, one dollar per day.

It appears also, that the county court has hitherto failed, by neglect or refusal, to execute the act; and that the circuit court has only the ordinary means left and provided by law for every county, of obtaining juries, and that, in this way, McGunnegle was regularly called on to serve on the jury. The question submitted by the record, by the counsel for the plaintiff in error, is, that no person in St. Louis county, can be lawfully required to serve on a jury, in any other way, than as required by the act of 6th Feb. 1837; and that, therefore, the court erred in imposing a fine on the plaintiff.

To this Mr. Bent, for the State, replies, that for the circuit court to proceed in business without a jury, would be unconsitutional; and that if no mode existed by law of obtaining a jury, yet it would be the duty of the court to provide its own mo le, so as to enforce the constitutional provision, which is, "that the trial by jury shall remain inviolate."

My opinion is, that in the absence of all law, as to the means of the obtaining juries, the business of the circuit court would cease till the law making power should redress the evil, and the responsibility would fall on the legislature.

But, in this case, there exists no such state of things. The act of 6th Feb'y. is only accumulative; it contains no negative nor repealing clauses. Why the county court has not executed the law, is not a subject for present investigation. It may be a subject for the exercise of the authority of the circuit court, under its constitutional power to control inferior tribunals. There is nothing in this point, to entitle the plaintiff in error to a reversal of the fine.

The act of Feb. 6, 1837, (Laws of Mo sess. 1836-7, p. 70,) for summoning petit jurors for St. Louis county, is cumulative.

It appears by the record, that McGunnegle is, and was, a member of the St. Louis Central Fire Company, at the time

MAY TERM
1840.

McGunnegle
vs
The State.

he was required to serve on the jury; and that by the char-ter of the said company, it is declared, that the members of the company are, and shall be exempt from serving on juries. McGunnegle showed to the court, that he was a member of the Fire Company, as stated above, and on that account claimed exemption from serving as a juror; the court over ruled the claim of exemption, which is excepted to; and this matter is alledged as error. It is alledged, by the counsel for the State, that the exemption given here is against the genius of the government; and, therefore, void as unconstitutional. It is admitted, that exemptions, and monopolies, are to say the least of them, odious, and sometimes justly so.

The 4th sec. of the act incorporating the "central fire compa- ny," of St. Louis, (Laws of Mo. session 1836-7, p. 172,) exempt- ing the "act- ive and effi- cient" mem- bers of that corporation from serving on juries, is neither un- constitution- al, nor, in this instance re- pugnant to the general policy of the law.

But it seems to me, that exemptions are sometimes ex-ceedingly proper. It is, as a general proposition, true, that every citizen ought to bear an equal and just share of the burdens and duties of the government. But who can so properly judge of the just and equal distribution of these duties, as the Legislature of the country? It seems to me, that the Legislature have the power, and that it is their duty to do so; and if they should sometimes be mistaken, it does not follow, that the distribution is, for that reason, void.— In this case, the duties of a member of the Fire Company, upon an inspection of the charter, will be found to be equal, if not greater, in all probability, one year with another than that of a juror. If then McGunnegle undertook those duties, which involve a risque of life very often, it seems but right that other citizens, who are not engaged in discharg- ing these duties, should perform his share of the duties of a juror. Hence, I see nothing either unlawful, unconstitution- al, or unjust in the exemption. Therefore the court in im- posing the fine, and giving judgment in that case, erred.— The whole court being of the same opinion, the same is re- versed.