SHERWOOD HALL v. EDWIN A. BURLINGAME, JUDGE OF THE SUPERIOR COURT OF GRAND RAPIDS.

*Constitutional law—State troops—Exemption from jury duty.*

Act No. 150, Laws of 1881 (How. Stat. § 978), entitled "An act to provide for the enrollment of contributing members in each company and battery of State troops," and which exempts such members from jury duty, is constitutional.

*Certiorari* to review the action of respondent in adjudging petitioner guilty of contempt in refusing to be sworn

and to serve as a juror, said petitioner basing his refusal upon the ground that he is a contributing member of Company B, Michigan State Troops. Argued November 11, 1891. Petitioner discharged November 20, 1891. The facts are sufficiently stated in the opinion.

*McGarry & McKnight*, for petitioner.

*A. A. Ellis*, Attorney General, for respondent.

GRANT, J. The sole question in this case is the validity of Act No. 150, Laws of 1881, being section 978, How. Stat. The act is entitled—

"An act to provide for the enrollment of contributing members in each company and battery of State troops."

The act provides for the enrollment of not more than 150 members in each company and battery. Each of such members must pay into the treasury of the organization annually not less than $10. Upon the payment the contributing member is entitled to a certificate from the commanding officer, countersigned by the secretary. Upon compliance with these terms, such member is exempt from jury duty and poll-tax the ensuing year. The fund derived from this source must be accounted for and used in accordance with regulations prescribed by the State military board.

The validity of this act is attacked for the following reasons:

1. That it is contrary to article 4, § 20, of the Constitution, which says: "No law shall embrace more than one object, which shall be expressed in its title."

2. That it confers upon military officers the power of arbitrarily setting aside the authority of the courts to compel the attendance of qualified jurors.

3. That it transfers from the Legislature to military officers the power to determine exemptions from jury duty.

4. That the opportunity for exemption is so limited as to make it class legislation.

5. That it is against public policy, no public reason existing for such exemption.

Legislative enactments will not be construed in a narrow or technical sense. The details of an act need not be set forth in the title. The provisions of the act must be germane to the title, and tend to the accomplishment of the purpose stated in it. *In re Mayer*, 50 N. Y. 504. The enrollment of contributing members is the object of the act, and not an incident, as is urged in behalf of the respondent. The condition of the enrollment is the payment of money. The inducement thus to enroll is the exemption from jury duty and poll-tax. It must have been in contemplation of the Legislature to offer some inducement to citizens to become contributing members of these organizations. The mischief to be avoided by this provision of the Constitution could not well be accomplished under the title to this act, because the attention of the members of the Legislature would evidently be called to the conditions upon which citizens should enroll themselves, and the privileges they should receive in so doing. Any military organization could provide for admitting contributing members without an act of the Legislature, but would not, of course, possess the power to exempt such members from any duty imposed upon them by law. There would be no occasion for an act of the Legislature to provide for such enrollment unless some privileges were to be granted to those enrolling which they could not otherwise have.

We think the other objections urged against the validity of the act are not valid. The Legislature has seen fit to exempt many from jury duty. Among them are teachers, ministers of the gospel, officers of colleges,

superintendents and engineers of railroads, ferry-men, members of fire companies, and others. When any such citizen is summoned as a juror, he must produce proof satisfactory to the court that he comes within the exemptions. No power is conferred upon military officers to exempt from jury duty any more than is conferred upon fire companies and the like. When the citizen has complied with the act, he is then made exempt by law. The law, not military officers, fixes the exemption.

This act cannot be characterized as class legislation. Any citizen, no matter what his occupation or business, is entitled to the exemption until the number is filled. It is the policy of the law to foster the organization of State troops, and it cannot be characterized as class legislation to grant to a citizen who is able and willing to contribute to such organizations the privileges provided by this act. The exemption of 150 citizens to each organization, if so many choose to avail themselves of the provisions of this law, does not interfere with the right of trial by jury nor prevent a fair and impartial trial by jury.

It is the province of the Legislature to determine the qualifications of jurors, and to provide who shall be exempt. It is not the province of the courts to say that these exemptions, or any of them, are against public policy, so long as the right of trial by jury is maintained. This duty belongs to the Legislature, a co-ordinate branch of the government. With the wisdom of such exemptions courts are not concerned. When the Legislature has acted within its jurisdiction, the other co-ordinate branches of the government have no constitutional right to interfere.

The contempt proceedings must be quashed, and petitioner discharged.

The other Justices concurred.