McMORRAN *v.* GREAT HIVE OF THE LADIES OF THE
MACCABEES.

1. STATUTES—TITLE—DUALITY—BENEFIT SOCIETIES.

 The title to Act No. 119, Pub. Acts 1893, "An act to define
 what shall constitute fraternal beneficiary societies, orders,
 or associations; to provide for their incorporation, and the
 regulation of their business, and for the punishment for viola-
 tion of the provisions of the act of their incorporation; and to
 repeal all existing acts inconsistent therewith,"—is not objec-
 tionable for duality.

2. SAME—GERMANE PROVISIONS—EXEMPTIONS.

 The provision of section 15, exempting from garnishee process
 the benefits to be paid, provided, or rendered by associations
 authorized to do business under the act, is germane to the
 title.

Error to St. Clair; Vance, J. Submitted April 22,
1898. Decided June 28, 1898.

Garnishment proceedings by David McMorran and
another, copartners as D. McMorran & Company, against
the Great Hive of the Ladies of the Maccabees, as gar-
nishee of John Buzzard. From a judgment for the
garnishee defendant, plaintiffs bring error. Affirmed.

*Atkinson & Wolcott,* for appellants.

*De Vere Hall,* for garnishee defendant.

*W. E. Leonard,* for principal defendant.

MONTGOMERY, J. Plaintiffs sought to reach by gar-
nishee process a sum due the principal defendant as bene-
ficiary named in a benefit certificate issued to Electa Buz-
zard. The garnishee defendant disclosed that, "at the
time of the issue and service of the writ of garnishment,
it was contingently liable to the said defendant John Buz-

zard or his assignee for the sum of $950, notice having been served on the said garnishee defendant of the assignment of said claim to W. E. Leonard, of Port Huron, Michigan." The proceeding originated in justice's court, where judgment passed for the garnishee defendant. Plaintiffs appealed to the circuit court, where judgment also passed for the defendant. The case is brought to this court by writ of error.

The record contains no findings of fact or law except as embodied in the judgment, and the finding there is that the defendant "had no property, money, goods, chattels, credits, or effects in its possession, not exempt from execution under the laws of this State, belonging to the said principal defendant, at the time of the service on it of the writ of garnishment in this case." It is obvious that the record does not affirmatively show that the plaintiffs were entitled to judgment. Indeed, it does not appear what the evidence adduced at the trial at the circuit was.

As this court cannot assume error, we might well affirm the judgment without further comment; but, as both counsel have treated the case as involving the constitutionality of Act No. 119, Pub. Acts 1893, we will consider the question raised. Section 15 of the act in question provides that—

"The money or other benefit * * * to be paid, provided, or rendered by any association authorized to do business under this act shall not be liable to attachment by trustee, garnishee, or other process, and shall not be seized, taken, appropriated, or applied by any legal or equitable process, or by operation of law, to pay any debt or liability of a certificate holder, or of any beneficiary named in a certificate, or of any person who may have any right thereunder."

It is claimed that the title of the act does not cover this provision, or, if it does, that the title should be held double, and that, in either view, this provision of the act is inimical to the provision of article 4, § 20, of the Constitution, which provides that no law shall embrace more than one object, which shall be expressed in its title. The title to the act in question is:

"An act to define what shall constitute fraternal beneficiary societies, orders, or associations; to provide for their incorporation, and the regulation of their business, and for the punishment for violation of the provisions of the act of their incorporation; and to repeal all existing acts inconsistent therewith."

The question of duality of the title is to be determined by reference to the title itself. This title all relates to one general subject,—the incorporation and conduct of the business of fraternal benefit societies. This general subject necessarily, or at least very properly, includes a definition of what constitutes benefit societies, within the meaning of the act, and penalties for the violation of its provisions. An act is not unconstitutional whose title expresses, and whose provisions are limited to, one general subject. *Bissell* v. *Heath*, 98 Mich. 472; *People* v. *Hurlbut*, 24 Mich. 57 (9 Am. Rep. 103).

Is the provision as to the exemption so far germane to the subject as to bring it within the title to this act? The provision relates to what shall be furnished by way of benefit. It is akin to other provisions of the act, which prescribe who may be named as beneficiaries, and is in keeping with the general purpose of the act, and accords with the general policy of such associations. We think the title sufficient to challenge the attention of the legislators to this provision. See *Connecticut Mutual Life Ins. Co.* v. *State Treasurer*, 31 Mich. 17; *Hall* v. *Slaybaugh*, 69 Mich. 485; *People* v. *State Ins. Co.*, 19 Mich. 398; *Hall* v. *Judge of Superior Court of Grand Rapids*, 88 Mich. 438; *Van Husan* v. *Heames*, 96 Mich. 506; *Tillotson* v. *Saginaw Circuit Judge*, 97 Mich. 585.

The judgment of the court below will be affirmed, with costs.

The other Justices concurred.