NATIONAL LOAN & INVESTMENT CO. *v.* CITY OF DETROIT.

.136   451
,f145   ¹423

1. BUILDING AND LOAN ASSOCIATIONS—TAXATION—EXEMPTIONS—CONSTITUTIONAL LAW—TITLE TO ACT.

> 2 Comp. Laws, § 7590, exempting building and loan associations from taxation upon the mortgages held by them, enacted in a statute entitled "An act to provide for the incorporation and regulation of * * * building and loan associations," does not contravene section 20, art. 4, of the Constitution, which provides that no law shall embrace more than one object, which shall be expressed in its title.

2. SAME.

> The legislature has the power to exempt from taxation the stock of building and loan associations, and the mortgages held by such corporations.

3. SAME—REPEAL OF STATUTE.

> Section 17 of the building and loan act (2 Comp. Laws, § 7590), exempting from taxation the stock of and the securities held by such associations, was not repealed by the general tax law subsequently enacted (1 Comp. Laws, § 3824 *et seq.*), providing that all property, real and personal, within the jurisdiction of the State, "not expressly exempted by law," shall be subject to taxation.

*Certiorari* to Wayne; Brooke, J. Submitted February 26, 1904. (Docket No. 113.) Decided April 26, 1904.

*Mandamus* by the National Loan & Investment Company against the city of Detroit and the common council of said city, to compel the reduction of an assessment.

From an order granting the writ, respondents bring *certiorari*. Affirmed.

*De Forest Paine* (*Fred A. Baker*, of counsel), for relator.

*P. J. M. Hally*, for respondents.

•MONTGOMERY, J.   A *mandamus* was issued by the circuit court directing the common council to reduce relator's assessment.   This order is brought before us for review on *certiorari*.   The case turns upon the following questions:   *First*, whether section 17 of the act for the incorporation of building and loan associations is within the title; *second*, whether such provision, if within the title, is constitutional,—that is, whether it is within the power of the legislature to exempt from taxation stock held in such corporations and mortgages held by the associations; *third*, whether section 17 is repealed by the general tax law of 1893.

1.   The title to the building and loan act is "An act to provide for the incorporation and regulation of certain corporations generally known as building and loan associations." 2 Comp. Laws, § 7574 *et seq.*   Section 20, art. 4, of the Constitution, which provides that no law shall embrace more than one object, which shall be expressed in its title, is invoked, and the contention is made that the title gives no indication of a purpose to relieve the associations from the payment of taxes.   We have frequently held that this section is not to be given a narrow or strained construction, and that, if the provisions of the statute are germane to the subject expressed in the title, this section is sufficiently complied with.   The question here presented is ruled by two cases,— *Hall* v. *Judge of Superior Court of Grand Rapids*, 88 Mich. 438 (50 N. W. 289), and *Board of Sup'rs of Chippewa Co.* v. *Auditor General*, 65 Mich. 408 (32 N. W. 651).   See, also, *McMorran* v. *Great Hive L. O. T. M.*, 117 Mich. 398 (75 N. W. 943).   The statute is valid.

2. The question of the power of the legislature to exempt property from taxation has, we consider, been settled by the cases of *People* v. *Auditor General*, 7 Mich. 84, and *Walcott* v. *People*, 17 Mich. 91.

3. The sections of the general tax law which bear upon the question of the repeal of section 17 of the building and loan act (2 Comp. Laws, § 7590) are as follows:

"SECTION 1. That all property, real and personal, within the jurisdiction of this State, *not expressly exempted*, shall be subject to taxation." 1 Comp. Laws, § 3824.

"SEC. 2. For the purpose of taxation, real property shall include all lands within the State, and all buildings and fixtures thereon and appurtenances thereto, *except such as are expressly exempted by law*." 1 Comp. Laws, § 3825.

"SEC. 8. For the purposes of taxation, personal property shall include: * * *

"7. All shares in corporations organized under the laws of this State, when the property of such corporations is not exempt or is not taxable to itself, or when the personal property is not taxed. * * *

"13. All other personal property not herein enumerated, and *not especially exempted by law*." 1 Comp. Laws, § 3831.

"SEC. 11. All corporate property, *except where some other provision* is made by law, shall be assessed to the corporation as to a natural person, in the name of the corporation." 1 Comp. Laws, § 3834.

Repeals by implication are not favored, but it is scarcely necessary to invoke this rule, as it seems to us that the rights under section 17 of the building and loan act are expressly saved.

The order of the circuit court will be affirmed.

The other Justices concurred.