Shauck, C. J.
Counsel agree réspectirig' the soundness and pertinence of the . proposition,, so often decided by this court in the cas fs cited in the briefs and in many others, that our constitution ordains absolute equality of right, and. opportunity and that all,laws must, to be valid, operate equally upon all persons of the' same class:, The point of difference between counsel, arid between the common pleas court by which.Heekiri was 'committed as for contempt, and the insolvency coifrt which ordered his release,. is whether .that 'admitted rule of equality is violated by, . the, .provisions of the statute under whose favdr Heelcin claimed immunity from service as a. ju,ror.’ Those provisions are found in Sections 5210 arid 5211, General Code. The former section provides" that commanding officers of companies, etc., may., in time of peace enlist contributing members' not to exceed one hundred and fifty and that , “such mem-! bers shall be subject to such contributions, dues and services as may be ordered by the council .of administration of the respective organizations; but the dues of such members shall not be less thán *212 five dollars each per annum.” The latter section provides that the commanding officer shall file with the clerk of the court of the county in which such company is located, a certified list of the officers and enlisted men, and provides that the enlisted men and contributing members for the ensuing year or until discharged shall be exempt from labor on the public highways and service as jurors. .
Counsel for the defendant in error cites reported cases in other states which are said to. fully justify the conclusion that this statute is a valid enactment and consequently that it authorized Heekin’s claimed immunity from obligation to serve as a juror and rendered void the order of his commitment as for a contempt. But, if we assume the complete identity of the constitutional provisions involved, differences in the provisions of the statutes •will plainly distinguish this from most of the cases cited. Active members of the guard or militia are subject to the orders of their officers and they are enlisted for the same service, and statutes providing for their exemption from duty as jurors in consideration of such service obviously operate equally upon all who are affected by them, since the immunity is in all cases upon the same conditions.
But Heekin was not an active member of any military organization. His immunity from service as a juror was claimed on the ground alone that he was enrolled as a contributing member of Company I, First Infantry, such enrollment being upon the payment, of ten dollars and without the performance of any other duty or the payment or the *213 promise to pay any other sum. The sum so paid by Heekin for the claimed immunity from service as a juror was not fixed by any provision of the statute operating alike upon other contributing members, the terms of the statute fixing only the minimum limit of five dollars. The terms of the statute make it entirely clear that the attempt of the legislature to afford the immunity contemplated was not upon equal conditions either as to military service or as to the amount of money to be contributed. It is true that in one of the cases cited by counsel for the defendant in error, Hall v. Burlingame, 88 Mich., 438, it was held that immunity from service as a juror was effectively conferred upon a contributing member of a military organization. It is not entirely clear from the report that all of the constitutional and statutory provisions were identical with those which are presented here. But it is clear that the reasoning' of the court in that case would not justify an affirmance of the judgment which we are considering. That conclusion seems to have been placed upon the propositions that it is the duty of the legislature to provide for the organization of the military power of the state, to establish the qualifications of jurors, and to provide who may be exempt. All of these propositions are permissible in this state, but the organization of the. militia contemplated by the express provisions of our constitution requires that the duty whether of service or of commutation shall rest equally upon all citizens of the same class. This case does not in any respect involve the qualifications of a juror but only the immunity from jury service of *214 oue.whos.9-:qualifications are admitted. While,the power of the .general assembly to. determine' whd may : be.-.exempt .from such- service is not doubted, the exemption must be by laws of equal operation as to the conditions of exemption. The very terms of-! the statute ' in question show that no such equality :of cotiditidns, is .prescribed.
• ••It; is .not at all!material' in the present inquiry that, the statute under which the defendant claims immunity has been acquiesced in for many years. As. said by Judge Cooley, Const. Limitations, 85, 86 r “Acquiescence for no length of time can legalize! :a-.clear usurpation of powers where the people have plainly expressed their will and the constitution has appointed judicial tribunals to enforce it.”
The judgment will be reversed and the petitioner remanded to the 'custody of the sheriff.

Reversed.

: Johnson, Donahue, Wanamaker, Newman and Wilkin,. JJ., concur.