[Civ. No. 4272. Second Appellate District, Division One.—April 16, 1923.]

## W. H. HAY, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] JURIES AND JURORS—EXEMPTION OF HONORARY MEMBERS OF STATE MILITIA—CONSTITUTIONAL LAW.—An honorary member of an infantry company of the state militia is not entitled to exemption from jury duty, and section 2102 of the Political Code, which

---

1. Constitutionality of laws exempting certain classes from jury service, notes, 5 Ann. Cas. 783; Ann. Cas. 1915A, 1060.

attempts to extend such privilege to "not to exceed twenty honorary members," who shall pay fifty dollars per annum into the civil fund of a company, troop, or division of certain designated military organizations of the state, is contrary to the provisions of section 21 of article I of the constitution.

PROCEEDING on application for a Writ of Mandate to require the Superior Court to excuse petitioner from service as a grand juror. Russ Avery, Judge. Writ denied.

The facts are stated in the opinion of the court.

Farrand & Slosson and Henry C. Huntington for Petitioner.

Thomas Lee Woolwine, Wm. J. Clark and James P. Costello for Respondents.

CONREY, P. J.—Application for writ of mandate to require respondents to excuse petitioner from service as a grand juror.

Petitioner claims exemption as an honorary member of an infantry company of the state militia, in accordance with the provisions of sections 2102 and 2098 of the Political Code.

In the state of Michigan it has been held that an exemption of this character is not unconstitutional and is not class legislation. (*Hall* v. *Burlingame*, 88 Mich. 438 [50 N. W. 289].) For note referring to other cases on the subject, see 5 Am. & Eng. Ann. Cas. 783. The case which seems nearest to denial of the right to create this privilege is *Neely* v. *State*, 4 Lea (Tenn.), 316.

A clear statement of the distinction between an exemption based upon some kind of service and an exemption purchased with money is found in the brief for appellant in *Albert* v. *White*, 33 Md. 300.

In *Stewart* v. *State*, 23 Ga. 181, it is said that "the actual service rendered, and skill acquired by the regular members, is the foundation of the exemption from road, patrol and jury duties." This referred to members of a voluntary military company.

In *McGunnegle* v. *State,* 6 Mo. 367, the exemption was based upon actual membership in a fire company, and was sustained as based upon a reasonable distribution of the duties of citizenship.

In *Hamann* v. *Heekin,* 88 Ohio St. 207 [Ann. Cas. 1915A, 1058, 102 N. E. 730], the supreme court of Ohio declared void a statute exempting contributing members of national guard companies from jury duty. But the decision was based upon the terms of the statute, which did not provide for such immunity upon equal conditions, either as to military service or as to amount of money to be contributed. It is not made entirely certain whether the court would have followed *Hall* v. *Burlingame,* the Michigan case, *supra,* if the conditions had been the same; although that case is referred to in the opinion.

Sections 11 and 21 of article I of the constitution of California provide as follows:

"Sec. 11. All laws of a general nature shall have a uniform operation."

"Sec. 21. No special privileges or immunities shall ever be granted which may not be altered, revoked, or repealed by the legislature, nor shall any citizen, or class of citizens, be granted privileges or immunities which, upon the same terms, shall not be granted to all citizens."

In *Ex parte Jackson,* 143 Cal. 564, 573 [77 Pac. 457, 461], the supreme court was considering the validity of a license ordinance which, among other things, forbade the carrying on of a livery or feed stable in the city of Whittier without first having procured a license so to do. Having first stated that the ordinance failed to suggest any exercise of police power, and that its sole object in that regard was to impose a license tax for revenue only, the court stated that the section of the constitution which provides that no citizen, or class of citizens, shall be granted privileges or immunities which, upon the same terms, shall not be granted to all citizens, was not applicable to the case. The court said: "It is enough to satisfy the provisions of section 21 of article I of the constitution that any citizen of the state or the United States may engage in the specified business in the city of Whittier upon the same terms as any other citizen may engage in such business therein." It is left open to infer-

ence that if the ordinance had attempted to require the payment of a license fee by some citizens engaged in that business in the city, and had exempted others, the ordinance would have been obnoxious to the provisions of said section.

In the case of *In re Sumida,* 177 Cal. 388 [170 Pac. 823], the court had under consideration an ordinance to which objection was made that it was in conflict with certain provisions of the constitution, including section 21 of article I. The court said: "From necessity it has been held that the legislature may classify in order that it may adapt its legislation to the needs of the people. If this cannot be done, laws will not always bear equally upon the people. This classification, however, must be founded upon differences which are either defined by the constitution or natural, and which will suggest a reason which might rationally be held to justify the diversity in the legislation. It must not be arbitrary, for the mere purpose of classification that legislation really local or special may seem to be general, but for the purpose of meeting different conditions naturally requiring different legislation." "A law is general and uniform in its operation when it applies equally to all persons embraced within the class to which it is addressed, provided such class is made upon some natural, intrinsic or constitutional distinction between the persons composing it and others not embraced in it. . . . The difference on which the classification is based must be such as, in some reasonable degree, will account for or justify the peculiar legislation."

In the case of *In re Blois,* 179 Cal. 291, 295 [176 Pac. 449, 450], referring to said section 21 of article I, the court said: "This latter section of the constitution has been given direct application to statutes and ordinances which have been enacted and sought to be enforced either by the state or by political subdivisions thereof, and in which attempts have been made to discriminate in favor of or against particular persons or classes of persons as to whom no reasonable basis of discrimination can be seen to exist; and in all such cases the courts of this state have uniformly held such attempted legislation to be void." (Citing cases.) Applying the principle thus stated, the court in that case held void an ordinance of the city of Palo Alto providing for the inspection of laundries which solicited laundry work in the city, and

requiring a larger inspection fee for laundries located outside the city limits than for laundries located within the city limits. It was held that the ordinance was discriminatory and therefore invalid under the constitution.

In *Mordecai* v. *Board of Supervisors*, 183 Cal. 434 [192 Pac. 40], it was pointed out that the provision of the constitution for uniformity of operation of legislation (sec. 11, art. I) is closely connected with the further provision expressly prohibiting the granting of special privileges or immunities, and the court again reiterated the statement of the decisions that "while the requirement that a general law must have a uniform application does not mean that it must have a universal operation, and it is valid if it applies alike to all persons or objects within a class—or, what is the same thing, there is excepted from its operation a class—founded upon some 'natural, intrinsic, or constitutional distinction,' yet if the statute operates only upon a class, or there is excepted from its operation a class, not founded upon a 'natural, intrinsic, or constitutional distinction,' its operation is not uniform, and it is discriminatory legislation of the sort which the constitution purposed to prohibit and is invalid."

[1] It is plain that the provisions of section 2102 of the Political Code endeavor to extend to "not to exceed twenty honorary members" the privilege of exemption from jury duty, and even exemption from service on any *posse comitatus* (a service peculiarly appropriate to citizens on occasions of public disorder and danger), on the mere payment of fifty dollars into the civil fund of a company, troop, or division of certain designated military organizations of the state. We are of the opinion that such a statute, if held valid, will create a privileged class whose exemption is purchased solely with money and is not earned by any other kind of service to the state or to the public. For be it noted that said section 2102 specifically provides that such "honorary" members "shall not be required to drill or perform any military duty by reason of such membership." They would thus be given, contrary to the provisions of said section 21 of article I of the constitution, an immunity which is denied to other citizens who upon the same terms might be willing to purchase exemption from the same inconveniences.

The alternative writ of mandate heretofore issued is discharged, and the application for a peremptory writ is denied.

Houser, J., and Curtis, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 14, 1923.