## WELEVER v. AUDITOR GENERAL.

TAXATION—TAX SALE — SETTING ASIDE — COUNTY TREASURER'S
CERTIFICATE.

> A landowner is not entitled to have a tax sale set aside be-
> cause, at the time of his purchase, he obtained a certificate
> from the county treasurer, under section 3957, 1 Comp. Laws,
> that the taxes had been paid, and that no tax liens existed
> for the previous five years, the sale being for a tax accruing
> more than five years prior to the date of the certificate, since
> the certificate only purports to cover the five years preceding
> its date.

Mandamus by Mary A. Welever to compel James B.
Bradley, auditor general, to set aside a sale of land for
taxes.    Submitted January 2, 1906.    (Calendar No.
21,066.)    Writ denied March 5, 1906.

*George M. Landon,* for relator.

*John E. Bird,* Attorney General (*Charles W. McGill*
and *George L. Hauser,* of counsel), for respondent.

MONTGOMERY, J.    This is an application for mandamus
to compel respondent to set aside a sale of land for taxes.
The sale was made in 1892 for the taxes of 1889.    Re-
demption expired in May, 1893.    The lands continued
State tax land until August 20, 1904, when they were
sold to Archie T. Miller and a deed given.    A notice was
given to relator under section 140 of the tax law (1 Comp.
Laws, § 3959) requiring the relator as original owner to
repurchase within six months, or be barred from there-
after claiming title.    After the lapse of six months the re-
lator applied to the auditor general to set aside the sale
and permit a payment of the taxes.    The petition set out
that relator became the owner of the original title in No-
vember, 1901, and that she obtained a certificate from the
county treasurer stating as follows:

" I have examined the tax records in my office and find that the taxes assessed upon the lands described in the annexed list have been paid and that it does not appear from said records that either the State of Michigan or any individual holds any tax deed or lien upon said premises for the five years preceding its date."

This certificate was given under section 135 of the tax law.   Section 3957, 1 Comp. Laws.

It is claimed by the relator that, as the original owner might then have bought of the State, and as such purchase would as to him amount to payment, that she is entitled to have respondent take action under subdivision 4 of section 98 (1 Comp. Laws, § 3921), which authorizes the auditor general to set aside a sale when it appears that a certificate that no taxes were charged against said lands has been given by the proper officer within the time fixed by law for the payment or redemption thereof.

Respondent contends that the certificate under section 135 is only required to cover the five years preceding its date, and that no one has the right to rely upon it for information as to liens for previous years.   The case of *Van Husan* v. *Heames*, 96 Mich. 504, is cited in support of this contention.   The case does not fully support this contention, and we find it unnecessary to decide what might be the effect had the certificate in this case shown that *no* liens existed.   The certificate appears on its face to be limited as to this certification to the preceding five years. We are not able to see, therefore, how relator was entitled to rely upon the certificate as evidence of a clear title for a prior period.   The case seems in some respects a hard one, but we find ourselves powerless to relieve relator.

Writ denied.

CARPENTER, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.