HARRY C. VAN HUSAN v. JOHN A. HEAMES, REGISTER OF DEEDS OF WAYNE COUNTY.

*Constitutional law—Recording of conveyances—Certificate as to payment of taxes.*

1. The evident purpose of section 135, Act No. 206, Laws of 1893, which forbids the recording of deeds and certain other instruments unless the certificate of the Auditor General, or treasurer of the proper county, is presented to the register of deeds, showing whether there are any tax liens or titles held by the State, or any individual, against the land described in the instrument, and that all taxes due thereon have been paid for the five years preceding the date of such instrument, is to secure the collection of taxes, and, this being one of the general objects stated in the title to the act, the section is not void, under section 20, art. 4, of the Constitution, which provides that no law shall embrace more than one object, which shall be expressed in its title; citing *City of Grand Rapids v. Burlingame,* 93 Mich. 472.

2. Section 135 of the tax law of 1893 is construed as follows:
   *a*—The expression "that all taxes due thereon have been paid

for the five years preceding to the date of such instrument"
refers only to the taxes appearing upon the records kept by
the Auditor General and county treasurer, and their certificate
must be made from the facts shown by such records.

b—The instrument is entitled to record, unless the certificate
shows that all taxes have not been paid for the five years previous
to its date; and the sale of the land to individuals at the annual
tax sales is payment of the taxes for which it is sold.

c—The certificate need not specify the unpaid taxes, nor the
outstanding tax titles and liens.

d—The provisions of the section do not constitute an
unwarrantable infringement of property rights, mere incon-
venience, however great, not being enough to defeat a law.

3. The register of deeds is a constitutional officer, but the condi-
tions under which deeds are entitled to record are entirely
within the discretion of the Legislature, and the court cannot
declare them void because they are harsh.

4. The recording of a deed is not necessary to pass title, such
registry being only designed to record and preserve evidence
of title, which passes upon the execution and delivery of the
deed, and possession thereunder is notice to all of the rights
of the grantee in possession.

*Mandamus.* Argued June 27, 1893. Denied June 30,
1893, and opinion filed July 25, 1893.

Relator applied for *mandamus* to compel the recording
of a deed. The facts are stated in the opinion.

*Wells, Angell, Boynton & McMillan,* for relator.

*A. A. Ellis,* Attorney General, and *Ormond F. Hunt,*
for respondent.

GRANT, J. Section 135 of Act No. 206, Laws of 1893,
reads as follows:

" When any deed, land contract, plat of any town site,
village, or addition to any town site, village plat, or city,
or other instrument for the conveyance of title to any real
estate, is presented to the register of deeds of any county
in this State for record or filing in his office, he shall
require of the person presenting the same a certificate from
the Auditor General, or from the county treasurer of the

county, whether there are any tax liens or titles held by the State, or any individual, against such piece or description of land sought to be conveyed by such instrument, and that all taxes due thereon have been paid for the five years preceding to the date of such instrument, and in default of the presentation of such certificate he shall not record the same until such certificate is secured and presented. The register of deeds shall note the fact upon said deed that such certificate has or has not been presented to him when such instrument is presented for record, and, in case the person presenting such instrument shall refuse to procure such certificate, he shall indorse that fact upon said instrument, over his official signature, and shall refuse to receive and record the same: *Provided*, that the provisions of this section shall not apply to the filing of any town or village plat for the purpose of incorporation, in so far as the land therein embraced is included in a plat already filed in the office of the register of deeds, or in so far as the description of lands therein is not changed by such plat, nor to the filing of a copy of any town, village, or city plat in case the original plat filed in the office of such register of deeds has been lost, or destroyed, nor to any sheriff's or commissioner's deed executed for the sale of lands under any proceeding in law or by virtue of any decree of any of the courts of this State, or any deed of trust by any assignee, executor, or corporation executed pursuant to any law of this State. A violation of the provisions of this section by any register of deeds shall be deemed a misdemeanor, and, upon conviction thereof, he shall be fined not to exceed one hundred dollars, and he shall further be liable to the grantee of any instrument so recorded for the amount of damages sustained, to be recovered in an action for debt in any court of this State."

Relator contends that this section is void, for the following reasons, viz.:

*First.* (a) The title to the act does not cover the section; (b) the act embraces more than one object.

*Second.* Its provisions cannot be complied with by the officers named.

*Third.* It is an unwarrantable infringement of property rights.

1. The evident purpose of the provisions of this section is to secure the collection of taxes, which is one of the

general objects stated in the title to the act. We think, therefore, that the section cannot be held void, under section 20, art. 4, of the Constitution. The rule of construction in such cases is stated in *City of Grand Rapids v. Burlingame,* 93 Mich. 472, as follows:

"If the title expresses a general purpose, all matters fairly and reasonably connected with that purpose, and all measures which would facilitate its accomplishment, would not be in conflict with the above provision of the Constitution."

The fact that it imposes a condition which must be fulfilled before a deed is entitled to record, thereby changing in this respect the recording act, does not affect its validity any more than the change in the jury law made by, Act No. 150, Laws of 1881, affected the validity of that act. *Hall v. Burlingame,* 88 Mich. 438. See, also, *People v. Mahaney,* 13 Mich. 494.

2. The section must be interpreted in the light of other laws imposing duties upon the Auditor General and county treasurers, and requiring them to keep records of taxes paid and unpaid, of tax liens, and the issuance of tax deeds. It certainly was not contemplated by the Legislature that these officers should go outside the records of their own offices for information necessary to make the certificate. All State, county, township, and in many cases city, taxes, when not paid to the collector, are required to be returned to the county treasurers, and, when not paid to them, they are required to make return thereof to the Auditor General. A record is there kept of all such taxes, tax liens, and tax deeds. As to all other taxes above enumerated, the presumption is that they are paid. In view of these facts, it seems reasonable that the expression "that all taxes due thereon have been paid for the five years preceding to the date of such instrument" refers only to the records kept by these officers, and that

the certificate must be made from the facts shown by these records. With this construction of the section, the officers named can easily comply with it.

3. The instrument is entitled to record, unless the certificate shows that all taxes have not been paid for the five years previous to its date. If, at the annual tax sales, the lands have been sold to individuals, this is payment, within the meaning of the law. The public revenue has thus been collected, and neither the State nor municipality is any longer interested. It is entitled to record, notwithstanding the certificate shows that there are tax liens and tax titles held by the State for taxes which were assessed before the commencement of the five years named, and that there are tax titles held by individuals. Only when the certificate shows that the taxes have not been paid for the five years is it not entitled to record. Neither does the law require that the certificate specify the unpaid taxes, nor the outstanding tax titles and liens. The general certificate required by the act is sufficient.

4. We do not think that the provisions of the section constitute an unwarrantable infringement of property rights. Mere inconvenience, however great, is not sufficient to defeat a law. That is a consideration for the Legislature, and not for the court. The State may enact stringent measures to enforce the collection of the public revenue. The law provides ample remedies for the property-owner to contest the validity of the tax assessed against him. He may pay the tax under protest, and at once bring suit to recover it back. He may appear in court when the State brings suit to foreclose its lien, and there contest its validity. The register of deeds is a constitutional officer, but the conditions under which deeds are entitled to record are entirely within the discretion of the Legislature, and the court cannot declare them void because they are harsh. Besides, the recording of the deed is not

necessary to pass title. The registry law is only designed to record and preserve evidence of title. Title passes upon the execution of the deed, and possession under it is notice to all of the rights of the grantee in possession. A similar statute was held valid by the supreme court of Minnesota. *State v. Register of Deeds,* 26 Minn. 521.

Writ denied, but without costs, as this was an amicable suit to test the validity of the section.

The other Justices concurred.