NELSON *v*. SCOFIELD.

1. ACKNOWLEDGMENT—RECORDING LAND CONTRACTS—STATUTES.

A contract for the sale of land is not entitled to be recorded unless the statute (3 Comp. Laws 1915, §§ 11770, 11773) requiring two witnesses and acknowledgment by the vendor are complied with.

2. EVIDENCE — RECORD OF DEFECTIVELY EXECUTED CONTRACT NOT ADMISSIBLE.

The record of the register of deeds' office showing a land contract is not admissible as evidence of the original paper where the requirements of the statute entitling it to be recorded were not complied with.

3. SAME—PUBLIC RECORDS NOT ADMISSIBLE WHERE DEFECTIVE — LAND CONTRACTS.

While the recording of a land contract not entitled to record might be notice of certain facts, it would not render said record admissible in evidence in ejectment proceedings where plaintiffs were attempting to establish title to the land in question by the public record, nor does the curative statute (3 Comp. Laws 1915, § 11784) change the rule of evidence promulgated by section 11770 *et seq.*: the question involved not being one of notice.

4. EXECUTORS AND ADMINISTRATORS—DEEDS — LAND CONTRACTS — COMPLIANCE WITH STATUTE.

In order for a conveyance of land to be in compliance with 2 Comp. Laws 1915, § 9366, authorizing conveyance by the administrator when the terms of a land contract made with the deceased had subsequently been complied with, it would have to be executed by a representative of the estate, and therefore where a deed was executed by the administratrix prior to her appointment and no attempt was made thereafter to remedy the defect, the deed is invalid.

5. SAME—AUTHORITY TO CONVEY—EQUITIES—DEEDS.

In the absence of a showing as to how the conveyance in question would affect the equities of deceased's estate,

the rule that the authority of the administratrix related' back to the death of her intestate and validated the deed will not be applied by the court.

6. SAME—DEED TO CONTAIN COPY OF CONTRACT.

A deed made in pursuance to section 9366, which does; not contain or have annexed thereto a copy of the land contract, as required by said statute, is invalid; a refer-- ence to the contract and the parties being insufficient.

Error to Ottawa; Cross (Orien S.), J. Submitted: June 15, 1922. (Docket No. 77.) Decided July 20,. 1922.

Ejectment by Charles Nelson and another against Warner C. Scofield and another. Judgment for de- fendants on a directed verdict. Plaintiffs bring error. Affirmed.

*Fred T. Miles* and *Raymond Visscher*, for appellants. *Louis H. Osterhous*, for appellees.

BIRD, J. Plaintiffs filed a declaration in ejectment, claiming title in fee to the south $\frac{1}{4}$ of block 8 of Munroe, Howlett & Cutler's addition to the city of Grand Haven. From an adverse verdict by direction of the court plaintiffs assign error. It was conceded that in 1890 the disputed tract was owned in fee by Cyrus F. H. Biggs. Plaintiffs, in support of their, case, offered the record of the register of deeds' office showing a land contract of the land in question from Cyrus F. H. Biggs to Ella E. Hiler, through whom plaintiffs claimed title. This contract was not acknowledged and had but one witness. The offer was objected to for these reasons and the objection sustained. This raises the first question in the case. The recording laws provide:

"That contracts for the sale of land, or any interest therein, shall be executed in the presence of two wit- nesses, who shall subscribe their names thereto as such, and the vendor named in such contract, and ex-

ecuting . the same, may acknowledge the execution thereof before any judge, or commissioner of a court of record, or before any notary public or justice of the peace within this State, and the officer taking such acknowledgment shall indorse thereon a certificate of the acknowledgment thereof, and the date of making the same under his hand." 3 Comp. Laws 1915, § 11770.

"Any contract, executed and acknowledged according to the foregoing provisions, shall, with the certificate thereto attached, be entitled to be recorded in the office of the register of deeds of the county where the lands lie, and the recording of the same shall have the same force and effect as to subsequent incumbrancers and purchasers, as the recording of deeds and mortgages, as now provided by law." 3 Comp. Laws 1915, § 11773.

These provisions are plain and unambiguous. If they are complied with the paper is entitled to be recorded. If they are not complied with the paper in not entitled to record. Even though they be placed of record they are not evidence of the original paper. *Brown* v. *McCormick,* 28 Mich. 215; *Farmers & Mechanics' Bank* v. *Bronson,* 14 Mich. 361; *Marston* v. *Brashaw,* 18 Mich. 81 (100 Am. Dec. 152); *Buell* v. *Irwin,* 24 Mich. 145; Gates Michigan Real Property, § 549.

Counsel say that while the execution of the land contract was defective it was entitled to be received and read in evidence as "notice" of the agreement between Mr. Biggs and his daughter, under the curative act, section 11784, 3 Comp. Laws 1915. We are not impressed that that section has any reference to the question involved here. It is not a question of notice. Plaintiffs are attempting to establish their title by the public record. While the recording of the paper might be notice of certain facts under some circumstances, the statute cited in no way attempts to relax or change the rule of evidence promulgated

by section 11770 *et seq.* The court was in no error in rejecting it.

2. Following the offer of the land contract plaintiffs offered a warranty deed from Cyrus F. H. Biggs, *by administratrix,* Loretta V. Biggs, to Ella E. Hiler, under date of May 16, 1891. This was objected to because the deed did not affirmatively show that it was executed pursuant to any order, license or direction of the probate court, and further, for the reason that it was not shown that the grantor had, in fact, any authority to act as administratrix. In answer to the latter objection plaintiffs showed by the probate records that Loretta Biggs was appointed administratrix of the estate of Cyrus F. H. Biggs, deceased, by the probate court for Mason county, on May 18, 1891, two days after she executed the foregoing deed. This raises the second question in the case, whether the deed is to be given any force as it appears the grantor was not yet appointed administratrix when she made the conveyance. At the date the deed was given section 9366, 2 Comp. Laws 1897, was in force, authorizing a conveyance by the administrator when the terms of the contract made with the deceased had been subsequently complied with. In order for the conveyance to be in compliance with this statute it would have to be executed by a representative of the estate. It is conceded that Loretta Biggs was not such representative when she executed the deed. Therefore, we must conclude that the deed was invalid. On May 16th she had no authority, as administratrix, to execute the deed, and no attempt was made after her appointment to remedy the defect.

It is argued that because Loretta Biggs was subsequently appointed administratrix her authority related back to the death of her intestate and validated the deed. This doctrine of relation where it has been

applied to estate matters has been controlled to some extent by the equities of the estate. The question is discussed at some length in *Gilkey* v. *Hamilton*, 22 Mich. 283. Also in the following cases: *First State Bank of Summit* v. *Braden*, 39 S. D. 53 (162 N. W. 929); *Brown* v. *Lewis*, 9 R. I. 497; *Roumfort* v. *McAlarney*, 82 Pa. St. 193.

The equities of the Biggs estate, if any there were, are not shown in the record. With the contract excluded the conveyance appears as an unauthorized act of Loretta Biggs. Without further information as to how the conveyance would affect the equities of the estate we are not disposed to apply the rule contended for by plaintiffs.

It is further contended by defendants that the deed was not accompanied by a copy of the land contract in accordance with the provisions of section 9366, 3 Comp. Laws 1897. This statute provided:

"That every deed or conveyance to be executed as aforesaid shall contain a reference to the date and respective parties to the contract in pursuance of which it purports to have been made, and a copy of the original contract under which the grantee named in such deed or conveyance makes his claim, and of any assignment thereof under which he claims, shall be annexed to or embodied in every such deed or conveyance, and shall be deemed part and parcel thereof, and as such shall be recorded therewith." * * *

The deed in question makes reference to the contract and the parties, but no copy is annexed thereto, as required by this section. This appears to be a material defect and destroys its validity.

The trial court was of the opinion that plaintiffs had failed to establish title to the disputed strip. We are in accord with this view.

The judgment will be affirmed.

FELLOWS, C. J., and WIEST, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.