## In re MANSFIELD.
### No. 39638.

District Court, E. D. New York.
Jan. 6, 1941.

Robert M. Pickard, of New York City, for judgment creditor, for the motion.

Herman Edelsberg, of New York City, for bankrupt, opposed.

CAMPBELL, District Judge.

This is a motion for an order vacating the discharge in bankruptcy herein heretofore made by Henry C. Frey, Referee in Bankruptcy, on November 8, 1940, and reopening the proceedings relative to the above entitled bankruptcy, and directing the bankrupt herein to appear and submit to examination, pursuant to Section 21, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 44, sub. a, and for such other and further relief as to the Court may seem just and proper.

The bankrupt had but one creditor, Michael Reardon, who recovered a judgment against the bankrupt and another, who was driving a car owned by the bankrupt, for the sum $778.50 on April 4, 1938, on which an execution with a garnishee on the salary of the bankrupt a school teacher was issued.

Under that execution the Board of Education of the City of New York retained 10% of the bankrupt's salary.

On the application of the bankrupt, Judge Byers issued an order restraining Michael Reardon (the judgment creditor), his attorneys, servants, agents and employees and any and all Marshals of the City of New York and Kings County, from taking any proceedings to collect except in bankruptcy the said judgment and also directing the Board of Education of the City of New York, the bankrupt's employer, to deduct from the bankrupt's salary the same amount as ordered with-

held under the garnishee execution and hold the same until the further order of this Court.

The address given in the bankrupt's schedule for the creditor Michael Reardon was stated as last known address April 4, 1938, 66 New Chambers Street, New York City, the same address given by the said judgment creditor Michael Reardon at the time of the recovery of the judgment on April 4, 1938, and that was the last address of the said Michael Reardon known to the bankrupt and was admitted by him to have been his address at that time.

Immediately before the filing of the petition in bankruptcy herein, an attorney associated with the attorney for the bankrupt, on the day before the petition was filed, informed the attorney for the judgment creditor that he was going to file a petition and requesting an opportunity to dispose of the judgment without the necessity of proceeding with bankruptcy proceedings.

Notice of the hearing on bankrupt's application for discharge was given by publication and by mail addressed to the creditor Michael Reardon's address as shown in the schedules but the written notice was returned, marked removed, and the said Michael Reardon in his affidavit says he removed from the address given in the schedules where he formerly lived.

It is worthy of note, however, that he, at no place in his affidavit, gives his present address, nor the date when he removed from 66 New Chambers Street.

No fraud is shown as undoubtedly the address given by the bankrupt in her schedules, as that of the creditor Michael Reardon, was the place where he had lived at the time of the recovery of the judgment and if he had moved before notice was sent that he moved without leaving a forwarding address.

A discharge can be revoked only for fraud, which has not been proven in this case, but even if it had been shown, to revoke the discharge it must appear that under all the facts the bankrupt would not be entitled to a discharge. Section 15 of the Bankruptcy Act, 11 U.S.C.A. § 33, which reads as follows: "Sec. 15 [§ 33]. Discharges, when revoked. The court may, upon the application of parties in interest who have not been guilty of undue laches, filed at any time within one year after a discharge shall have been

granted, revoke it if it shall be made to appear that it was obtained through the fraud of the bankrupt, that the knowledge of the fraud has come to the petitioners since the granting of the discharge and that the actual facts did not warrant the discharge."

The most that Michael Reardon says in his affidavit is that he believes that the bankrupt had at the time of filing the petition sufficient assets to pay the judgment in question.

The most that Sol L. Neuhaus the attorney for the creditor Reardon says is that he was firmly of the belief, though he had no facts to support his belief, that the alleged bankrupt is sufficiently able to meet the judgment.

That certainly is not a sufficient showing to vacate a discharge on the ground of fraud in a case like the one at bar, which is a no asset case in which the bankrupt was examined by the Referee and showed that she had no property and had not disposed of any property to hinder, delay or defraud creditors or made any preferential transfers.

Although not cited, I am not unmindful of the holdings that a court of bankruptcy has general power to amend its decrees in its discretion, and on its own motion to vacate a decree in the interest of justice before the expiration of a year after it was granted. In re Dupee, Fed. Cas.No.4,183; In re Bimberg, D.C., 121 F. 942.

In each of those cases the question of vacation turned on whether there had been a showing which if sustained would, have warranted the refusal of a discharge. There is no evidence in the case at bar that would warrant the belief that substantial justice requires the vacation of the discharge, as there is no evidence offered of any act on the part of the bankrupt, which if it had been or was shown, would have prevented her discharge.

The failure to give personal notice considered by itself alone did not prevent the granting of the discharge. Hanover National Bank v. Moyses, 186 U.S. 181, 192, 22 S.Ct. 857, 46 L.Ed. 1113.

While the creditor Michael Reardon did not receive the notice by mail, it is hard to understand why he would not have learned of the stay of the garnishee by the order of this Court, and certainly if his attorney had been interested to inquire why he would not, after being told that a petition would be filed, have found out that the same had been filed.

The contention on the part of the attorney for the judgment creditor that he the attorney was a creditor of the bankrupt and should have been scheduled as such, and received notice, is not sustained. The most that he can claim is that he has a lien on the judgment but there is no proof that he served any notice of lien on the bankrupt and he is not a creditor of the bankrupt.

Nothing has been shown which if shown before the Referee, or now, before this Court, which would prevent the discharge of the bankrupt.

The motion is denied.