## YOUNGBLOOD v. UNITED STATES.
### No. 9594.

Circuit Court of Appeals, Sixth Circuit.
April 6, 1944.

Helen W. Miller, of Detroit, Mich. (William E. Dowling and Samuel Brezner, both of Detroit, Mich., on the brief), for appellant.

Newton K. Fox, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, Wm. B. Waldo, all of Washington, D. C., and John C. Lehr and Arnold W. Lungerhausen, both of Detroit, Mich., on the brief), for appellee.

Before HICKS, MARTIN, and McALLISTER, Circuit Judges.

MARTIN, Circuit Judge.

The United States District Court for Eastern Michigan entered an order in the nature of a writ of mandamus, directing appellant Youngblood, individually and as Register of Deeds for Wayne County, Michigan, to accept and file notice of tax lien under internal revenue laws, when presented with a fifty-cent filing fee by the United States Collector of Internal Reve-

nue, and to index the notice in a record book of United States tax liens. The entry of the order followed a hearing on the petition of the United States for an order to show cause. The basic facts are not disputed; but the legality of the order is challenged by the State of Michigan and defended by the United States of America.

Michigan says that the notice of lien, as presented, is not in a form authorized by its statutes for filing; and that its Register of Deeds, is, therefore, not authorized to accept and file the notice.

The United States concedes that the tax lien notice contains no description of the land of the delinquent taxpayer as directed by the Michigan statute, but insists that no such description is necessary. The Government points to Section 505 of the Revenue Act of 1942, Ch. 619, 56 Stat. 798, Sec. 3672(a), of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 3672(a), as the controlling law of the case. This section provides, inter alia, that a federal tax lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor, until notice thereof has been filed by the collector in the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law authorized the filing of such notice in an office within its borders; and that, whenever a State or Territory has not by law authorized the filing of the notice in an office within its boundaries, the office of the Clerk of the United States District Court for the judicial district where is situated the property subject to the lien is to be substituted as the place for filing the notice.

The State of Michigan insists that, notwithstanding this federal statute, a register of deeds in Michigan is not permitted by state law to accept for filing a United States tax lien notice, unless it contains a description of the land upon which the lien is claimed. It is declared that, should the register do so, he would plainly violate his duty under Michigan Statutes Annotated, Vol. 6, Section 7.751, C.L. 29, Sec. 3746.

With respect to the pertinent point, this state statute authorizes the collector of internal revenue, or any other official collectors of taxes payable to the United States desiring to acquire a lien in favor of the United States, to file "a notice of lien, setting forth the name and the residence or business address of such taxpayer, the na-

ture and the amount of such assessment, and a description of the land upon which a lien is claimed, in the office of the register of deeds in and for the county or counties in Michigan in which such property subject to such lien is situated; and such register of deeds shall, upon receiving a filing fee of fifty [50] cents for such notice, file and index the same in a separate book, entitled 'Record of United States Tax Liens', indexing the same according to the name of such taxpayer as stated in the notice; all in pursuance of said section three thousand one hundred eighty-six [3186] of the revised statutes of the United States."

■ No ambiguity inheres in the Michigan statute. Its mandate that the notice of lien shall contain a description of the land is unmistakable; and the authority of the register of deeds, a ministerial officer, is clearly limited to the recordation of only such notices of United States tax liens as comply with the requirements of the statute.

With reference to certain requirements in other Michigan recordation statutes, the State Supreme Court has said: "These provisions are plain and unambiguous. If they are complied with the paper is entitled to be recorded. If they are not complied with the paper is not entitled to record." Nelson v. Scofield, 219 Mich. 595, 597, 189 N.W. 185.

The comment was made by Justice Cooley in Sinclair v. Slawson, 44 Mich. 123, 126, 6 N.W. 207, 208, 38 Am.Rep. 235, that "the doctrine that he who claims the benefit of the registry laws must bring himself within them is universally admitted." The record of an instrument not executed in conformity with the recording laws of Michigan is notice to no one. Galpin v. Abbott, 6 Mich. 17, 36. General recognition has been accorded the principle that an instrument which does not conform to the provisions of a recordation statute is not entitled to be recorded.

■ It could hardly be controverted that the authority of ministerial officers is to be strictly construed as including only such powers as are expressly conferred, or necessarily implied. In Van Husan v. Heames, 96 Mich. 504, 56 N.W. 22, the court held that, though the register of deeds is a constitutional officer, the conditions under which deeds are entitled to record rest entirely within the discretion of the legislature and are not to be invalidated for

harshness. If a court should not invalidate a legislative act, certainly a ministerial officer should not do so.

■ The federal statute before us for interpretation prescribes that the collector of internal revenue shall file the lien notice in an office designated by state law. The Michigan legislature has denominated that office as the office of the register of deeds; but has conditioned acceptance for filing there upon the inclusion of a description of the land in the notice of lien for federal taxes.

This court affirmed [6 Cir., 116 F.2d 935], upon the grounds and for the reasons stated in the opinion of the District Court, the decree in United States v. Maniaci, 36 F. Supp. 293, declaring a federal income tax lien to be invalid as against a purchaser in good faith, where the lien notice, though filed with the register of deeds, did not describe the land as required by Act No. 104 of the Public Acts of Michigan for 1923, as amended by Act No. 13 for 1925, Sec. 3746 of the Compiled Laws of Michigan for 1929, supra. The court was then considering the effect of Section 3186 of the Revised Statutes of the United States as amended by the Act of May 29, 1928, Section 613, 45 Stat. 875, 26 U.S.C.A., Int.Rev.Acts, page 461, which provided for the filing of federal tax lien notices "in accordance with the law of the State * * * in which the property subject to the lien is situated, whenever the State or Territory has by law provided for the filing of such notice." The national legislation, Section 505 of the Revenue Act of 1942, supra, now under consideration changed the provision of the earlier Act with respect to filing a lien notice so as to require the notice to be filed "in the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated."

A state's right to safeguard muniments of title to land within its borders should not be lightly denied upon a strained assumption that Congress meant to impeach that right. The amendment contained in the Revenue Act of 1942 evidences no change of attitude on the part of Congress in its recognition of the right of a state to regulate the filing of federal tax lien notices. Under the existing enactment the notice must be filed in an office authorized by the state; or, if no such office has been designated, then in the office of the United States District Court Clerk. Michigan has designated an office, that of the register of deeds; but has not authorized the filing of the notice in the form presented by the collector. In the lien notice under present consideration, an essential ingredient to conform to the state law is missing. The land is not described. Mere inconvenience to federal tax officials in procuring and filing descriptions of land owned by delinquent taxpayers supplies no sound basis for the issuance of peremptory writ of mandamus by a federal court, directing a state ministerial officer to violate his obvious duty of compliance with the state law under which he acts.

We adhere to the view, plainly indicated in our approval of the opinion of District Judge Raymond in the Maniaci case, supra, that there is nothing unreasonable in the requirement of the Michigan statute that a lien notice shall contain a description of the property upon which the lien is claimed, in order to enable such lien to affect the rights of third parties; and that confusion commonly resulting from indices of the names of persons is avoided and reasonable certainty attained by identifying the land upon which the lien is claimed. We still think the District Judge correctly stated: "Such an interpretation in no wise affects the lien as against any interest the delinquent taxpayer may retain in the property, places no unreasonable burden upon the Commissioner, involves no unusual delegation of powers to state legislatures, and is appropriate to remedy the injustice the amendatory legislation [Sec. 3746 of the Compiled Laws of Michigan of 1929] was designed to meet." 36 F.Supp. 296.

■ The instant action was brought in the United States District Court in the nature of an original petition for a writ of mandamus, and not as auxiliary to enforcement of an order, judgment or decree in a pending cause of action. As early as McIntire v. Wood, 7 Cranch 504, 3 L. Ed. 420, the power of an inferior federal court to issue the writ of mandamus was held to be confined exclusively to a case in which the writ may be necessary to the exercise of jurisdiction; as late as Covington & Cincinnati Bridge Company v. Hager, 203 U.S. 109, 111, 27 S.Ct. 24, 51 L.Ed. 111, it was held to be settled beyond controversy that, until Congress shall otherwise provide, no power exists in these courts to issue a writ of mandamus in an original action brought for the purpose of securing relief by the writ, even if the re-

lief sought concerns an alleged right secured by the Constitution of the United States. See Intervening Supreme Court decisions to the same effect: Bath County v. Amy, 13 Wall. 244, 20 L.Ed. 539; Graham v. Norton, 15 Wall. 427, 21 L.Ed. 177; Davenport v. County of Dodge, 105 U.S. 237, 242, 26 L.Ed. 1018; Rosenbaum v. Bauer, 120 U.S. 450, 7 S.Ct. 633, 30 L. Ed. 743. See also, Fuller v. Aylesworth, 6 Cir., 75 F. 694, 698, 699; Barber v. Hetfield, 9 Cir., 4 F.2d 245. Smith v. Bourbon County, 127 U.S. 105, 8 S.Ct. 1043, 32 L. Ed. 73, has foreclosed the once ingenious thought that lack of jurisdiction to issue a writ of mandamus can be supplied by converting the proceeding into a bill in equity.

■ Civil Procedure Rule 81(b), 28 U.S. C.A. following section 723c, abolished the writ of mandamus, but provided that relief thereby formerly available may be obtained now by appropriate action or motion under the rules. Substantive rights are still governed by the principles formerly applied in mandamus cases. George Allison & Co. v. Interstate Commerce Commission, 70 App.D.C. 375, 107 F.2d 180; Levine v. Farley, Postmaster General, 70 App.D.C. 381, 107 F.2d 186.

■ Undoubtedly, Congress has power to authorize inferior courts of the United States to issue writs of mandamus in original proceedings. Knapp v. Lake Shore & Michigan Southern Railway Company, 197 U.S. 536, 542, 25 S.Ct. 538, 49 L.Ed. 870. But, in the cited case, it was pointed out that, if Congress had intended by the Act of March 3, 1887, 24 Stat. 552, to confer power on the circuit courts to issue mandamus in an original proceeding, language would not have been employed which had been construed from the foundation of the Government not to confer such jurisdiction.

No merit is found in the argument of the Government, based on the opinion of the Supreme Court in Amos Kendall, Postmaster General, v. United States, 12 Pet. 524, 9 L.Ed. 1181. In that case, the right of a circuit court of the District of Columbia to issue a writ of mandamus was shown to rest uniquely upon the power vested in the courts of the State of Maryland, from which territory the District of Columbia was carved out. It is a non sequitur from the decision in the Kendall case that, since the adoption of the Revised Statutes, the entire judicial power under the Constitution has been delegated in actions at common law brought by the United States to the federal courts of first instance. Nor do we find the vestiture of such sweeping power in the inferior courts either by the Act of March 3, 1911, ch. 231, 36 Stat. 1087, 28 U.S.C.A. § 1 et seq., or by any other Acts of Congress. The inferior courts of the United States possess only such power as the Congress has granted them.

Again, in United States v. Schurz, 102 U.S. 378, 394, 26 L.Ed. 167, the authority of the Supreme Court of the District of Columbia to issue writs of mandamus in cases in which the parties were by common law entitled to such writs was rested upon peculiar powers derived from Maryland law, and strengthened by a federal statute.

United States v. Snyder, 149 U.S. 210, 13 S.Ct. 846, 37 L.Ed. 705, adds no force to the Government's contention for the reason that, while it was there held that the tax system of the United States is not subject to the recording laws of the states, the Acts of Congress since that decision have required recording of United States tax liens: first, in accordance with the law of the state where the property subject to lien is situated; and, later and presently, in the office in which the filing of notices is authorized by the state law. Upon obvious principles of comity, the Congress of the United States has provided for compliance by the Government with state recording laws. The notice of tax lien involved in this controversy does not so comply.

The judgment of the District Court is accordingly reversed; the relief prayed in the original petition of the appellee is denied; and the petition is directed to be dismissed.