In the Matter of **AUTORAMA TOOL &**
**DIE COMPANY, Bankrupt.**

**Henry FAULK, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18959.**

United States Court of Appeals
Sixth Circuit.

June 16, 1969.

---

8. The Honorable James H. Meredith (E.D.Mo.).

Stephen K. Valentine, Jr., Detroit, Mich., for appellant; Fixel & Fixel, Arthur E. Fixel, Detroit, Mich., on brief.

Karl Schmeidler, Atty., Dept. of Justice, Washington, D. C., for appellee; Johnnie M. Walters, Asst. Atty. Gen., Lee A. Jackson, Crombie J. D. Garrett, Stanley L. Ruby, Attys., Dept. of Justice, Washington, D. C., on brief; Robert J. Grace, U. S. Atty., Detroit, Mich., of counsel.

Before PHILLIPS, CELEBREZZE and PECK, Circuit Judges.

JOHN W. PECK, Circuit Judge.

This is an appeal from the judgment of the District Court affirming an order of the Referee in Bankruptcy which overruled the appellant's objections and allowed a claim by the United States against the bankrupt for federal taxes.

On August 3, 1956, an involuntary petition in bankruptcy was filed against the bankrupt. Bankruptcy proceedings continued until 1960, when the bankrupt petitioned to have the proceedings transferred to a reorganization program under Chapter X of the Bankruptcy Act. The petition was granted, but the reorganization failed and in 1963 the matter was again referred to the Referee in Bankruptcy for continuation of the bankruptcy proceedings. While the matter was in bankruptcy, the United States filed a claim against the bankrupt estate for unpaid taxes in the amount of $166,070.97. The tax claim was for income taxes for the fiscal years ending October 31, 1951, 1952 and 1953, and for withholding and Federal Insurance Contribution Act taxes for various quarters of 1953, 1955 and 1956, and for Federal Unemployment Tax Act taxes for 1956.

Appellant, a general creditor of the bankrupt, filed objections to the federal tax claim, asserting that the Government had neither lien status valid against the trustee in bankruptcy nor priority over general creditors because of defective filing of notices of tax lien.

We turn first to the question of priority. It is the Government's position that with respect to the tax claims for the taxes due and owing within the three years immediately prior to bankruptcy, it is entitled to a fourth class priority under § 64(a) (4) of the Bankruptcy Act (11 U.S.C. § 104) whether or not the tax claims are found to be secured by valid liens. This position is clearly correct. Section 17(a) of the Bankruptcy Act (11 U.S.C. § 35) provides that taxes due and owing the Unit-

ed States within three years of bankruptcy are not released by a discharge in bankruptcy. Section 64(a) (4) of the Bankruptcy Act (11 U.S.C. § 104) provides that taxes which are due and owing the United States by the bankrupt and which are not released by a discharge in bankruptcy are entitled to a priority over general creditors. The appellant's assertion that the Government is denied this priority by United States v. Speers, 382 U.S. 266, 86 S.Ct. 411, 15 L.Ed.2d 314 (1965), is unfounded. The Supreme Court in *Speers* specifically stated that the Government retained its priority under § 64(a) (4) even though it had no lien because of failure to timely file notice of tax lien. Thus the tax claims for the various taxes which became due and owing in the three years from 1953 to 1956 are entitled to the priority of payment accorded them by § 64(a) (4) of the Bankruptcy Act.

We turn next to the more difficult question of the validity of the Government's liens for its claims for corporate income taxes for the bankrupt's fiscal years 1951 and 1952.

Section 6321 of the Internal Revenue Code gives the United States a lien on all property, real and personal, belonging to any person who refuses to pay any federal tax after proper demand for payment.[1] Section 6323(a) of the Code provides that the lien imposed by § 6321 is not valid as against a judgment lien creditor[2] until a notice of the lien is filed as provided by § 6323(f) of the Code.[3] Section 6323(f) requires the notice of lien to be filed in an office designated by state law, and it further provides that if the state has not designated an office for the filing of tax liens, then the filing is to be done in the office of the clerk of the United States District Court for the district in which the property subject to the lien is located.[4]

At the time the tax lien in question arose, Michigan law regarding the filing of notices of federal tax lien provided for the filing of the notices with the county

1. "§ 6321. Lien for taxes
   If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." Internal Revenue Code of 1954 § 6321 (26 U.S.C. § 6321).

2. It should be noted that the trustee in bankruptcy has, for purposes of this section, at least the rights of a "judgment lien creditor." Section 70(c) of the Bankruptcy Act (11 U.S.C. § 110(c)); See United States v. Speers, 382 U.S. 266, 86 S.Ct. 411, 15 L.Ed.2d 314 (1965).

3. "§ 6323. Validity and priority against certain persons
   (a) Purchasers, holders of security interests, mechanic's lienors, and judgment lien creditors.—The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary or his delegate." Internal Revenue Code

of 1954 § 6323(a) (26 U.S.C. § 6323 (a)).

4. "§ 6323
   (f) Place for filing notice; form—
   (1) Place for filing.—The notice referred to in subsection (a) shall be filed—
   (A) Under State laws.—
   (i) Real property.—In the case of real property, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated; and
   (ii) Personal property.—In the case of personal property, whether tangible or intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated; or
   (B) With clerk of district court.— In the office of the clerk of the United States district court for the judicial district in which the property subject to the lien is situated, whenever the State has not by law designated one office which meets the requirements of subparagraph (A);" Internal Revenue Code of 1954 § 6323(f) (26 U.S.C. § 6323(f)).

Register of Deeds in the county where the property subject to the lien was located.[5]

■ The Government filed its notices of lien with the clerk of the appropriate District Court but not with the county Register of Deeds. It asserts here that it was justified in so filing for three reasons. The first is that the Michigan statute which required the filing of the notice of lien with the Register of Deeds also required that the notice contain a description of real property subject to the lien, while the standard form notice of tax lien used by the Government contained no provision for the description of real property subject to the lien. Second, the Government contends that it was not required to file a notice of lien with the Register of Deeds because at the time the lien arose an opinion of the Michigan Attorney General stated that the Government's standard form notice of lien was not entitled to recordation because it did not contain a description of real property subject to the lien.[6] Finally, the Government contends that the decision by the Court in Youngblood v. United States, 141 F.2d 912 (6th Cir. 1944), held that a Michigan Register of Deeds was not authorized to accept for filing a notice of federal tax lien which did not contain a description of real property subject to the lien. In sum the Government contends that because of the statutory provision, the Michigan Attorney General's opinion and the *Youngblood* case, it was clear that the Register of Deeds would not accept the notice of lien for filing and therefore Michigan in effect did not provide an office for the filing of notices of federal tax lien.[7]

The Government's contentions would be more persuasive if it was not for the fact that the bankrupt possessed only personal property at the time of the bankruptcy. Therefore the only liens claimed by the Government in the bankruptcy proceedings were on the bankrupt's personal property. Since there was no real property involved here, neither the provision in the Michigan statute requiring a description of real property nor the Michigan Attorney General's opinion had any application. There is nothing in the record to indicate that the Register of Deeds would have refused to accept a notice of federal tax lien on personal property.

A similar problem was presented to this Court in United States v. Estate of Donnelly, 406 F.2d 1065 (6th Cir. 1969),

---

5. "Sec. 7.751. *U.S. Tax Liens; Filing of Notice, Contents; Register of Deeds, Duty.* Section 1. That whenever the collector of internal revenue for any district in the United States, or any tax collecting officers of the United States having charge of the collection of any tax payable to the United States, shall desire to acquire a lien in favor of the United States for any tax payable to the United States against any property, real or personal, within the state of Michigan pursuant to section three thousand one hundred eighty-six of the revised statutes of the United States, he is hereby authorized to file a notice of lien, setting forth the name and the residence or business address of such taxpayer, the nature and the amount of such assessment, (and a description of the land upon which a lien is claimed,) in the office of the register of deeds in and for county or counties in Michigan in which such property subject to such lien is situated;" 6 Mich.Stat.Ann. § 7.751 (1936 ed.). Michigan enacted the Uniform Federal Tax Lien Registration Act on Au-

gust 11, 1956, after the date of the bankruptcy. 6 Mich.Stat.Ann. § 7.753(1) et seq. (1960 ed.).

6. The Government contends that the "form" question is substantial because it is entitled to a lien against after acquired property, which is obviously not capable of present description.

7. It should be noted that the Supreme Court held in 1961 that the State of Michigan had not provided an office for the filing of notices of federal tax liens because of the requirement of a description of land subject to the lien. United States v. Union Central Life Ins. Co., 368 U.S. 291, 82 S.Ct. 349, 7 L.Ed.2d 294 (1961). However, since this decision was rendered after the occurrence of the facts here, this Court must consider the acts of the parties in relation to the law in existence at that time. United States v. Estate of Donnelly, 406 F.2d 1065 (6th Cir. 1969), aff'g 295 F.Supp. 557 (E.D. Mich.1967).

aff'g 295 F.Supp. 557 (E.D.Mich.1967). We there affirmed the judgment of the District Court holding that a federal tax lien was not valid as against a bona fide purchaser of Michigan real estate subject to a federal tax lien where the Government similarly filed notice of the lien with the clerk of the United States District Court rather than with the appropriate Michigan county Register of Deeds.

Although the facts of *Donnelly* are distinguishable from this case since there the rights of a bona fide purchaser were involved and the Government's filing of its notice of lien took place before the issuance of the Michigan Attorney General's opinion, the situation presented to the Government was the same here as in the *Donnelly* case. As stated earlier the Government's asserted impediments to filing the notices with the Register of Deeds quickly evanesce in light of the fact that only personal property was involved. As in *Donnelly*, the Government has advanced no satisfactory reason why it failed to attempt to tender the notice of tax lien on the personal property to the Register of Deeds for filing under the then existing law.

While it is true that the statute gives the Government a broad lien on all of a delinquent taxpayer's property, including after acquired property,[8] the statute also requires a filing of a notice of lien to perfect the lien and further provides for separate state filing of notices for real and personal property. Some Government scrutiny of the affairs of delinquent taxpayers sufficient to enable it to know where to properly file notice of lien seems to have been contemplated by this entire statutory scheme. Requiring the Government to investigate the affairs of the delinquent taxpayer to determine to what property the statutory lien attaches and therefore where to properly file the required notice of lien in no way cuts down on the broad scope of the lien.

We therefore hold that since the Government failed to effectively file the required notice of lien, it has no lien interest in the bankrupt's property for the claim for income taxes for the years 1951 and 1952. From all that appears in the record, however, the Government is entitled to share as a general creditor in its claim for the income taxes in question.

The judgment of the District Court with respect to the Government's priority for its claim for the taxes which became due and owing in the three years prior to bankruptcy is affirmed. The judgment of the District Court with respect to the Government's lien for the claim for the income taxes for the years 1951 and 1952 is reversed.

PHILLIPS, Circuit Judge (concurring in part, dissenting in part).

I agree that the federal taxes which became due and owing in the three years from 1953 to 1956 would be entitled to priority of payment under § 64a(4) of the Bankruptcy Act, if they were not secured by valid tax liens. Accordingly, I concur in that part of the decision which holds that the judgment of the District Court with respect to the priority of the claim of the United States for the taxes which became due and owing in the three years prior to bankruptcy should be affirmed.

I dissent from the majority decision to the extent that it reverses the judgment of the District Court with respect to the Government's liens for the claims in question. The Attorney General of Michigan had ruled that the form of notice of tax liens in use by the Internal Revenue Service should not be accepted for recordation by the county register of deeds of Michigan counties. My understanding is that the same form of notice of lien was used whether real estate or personal property was involved. In the face of the opinion of the Attorney General of Michigan and the practice of

---

8. Glass City Bank v. United States, 326 U.S. 265, 66 S.Ct. 108, 90 L.Ed. 56 (1945). It is to be noted that no after acquired property is involved in the pres-

ent case, and that therefore anything which might be here said as to the Government's rights to such property would be *obiter dictum*.

county registers of deeds in complying with this opinion, and attempt on the part of the Government to have had the tax liens here in question recorded in the office of the county register of deeds would have been futile. Under these circumstances notices of the liens were filed in the office of the clerk of the United States District Court as provided by 26 U.S.C. § 6323. In my opinion this was the proper place to file notice of the tax liens.

I agree with the majority opinion that United States v. Estate of Donnelly, 406 F.2d 1065 (6th Cir.), affirming 295 F. Supp. 557 (E.D.Mich.), petition for certiorari filed May 10, 1969, 37 U.S.L.W. 3444, is distinguishable from this case since the rights of a bona fide purchaser were involved in that case and the Government's filing of its lien took place before the issuance of the opinion of the Attorney General of Michigan.

I would affirm the judgment of the District Court in all respects.