Daniel K. MAYERS et al.

v.

Peter S. RIDLEY et al.

Civ. A. No. 3749–70.

United States District Court,
District of Columbia.

April 19, 1971.

Edward B. Webb, Jr., Washington, D. C., for plaintiffs.

James H. Craddock, Corporation Counsel, Washington, D. C., for defendants.

### OPINION AND ORDER

CORCORAN, District Judge.

#### I.

Plaintiffs are home owners in the District of Columbia whose deeds to their homes, recorded with the D. C. Recorder of Deeds, contain a racially restrictive covenant. They have brought this suit as a class action against the Recorder of Deeds and the Mayor-Commissioner of the District of Columbia on their own behalf and on behalf of all home owners in the District of Columbia whose deeds to property include like covenants. They seek to enjoin the Recorder from accepting for filing any instrument which contains a racially restrictive covenant, and from providing copies of filed instruments without clearly and conspicuously marking them to indicate that such restrictive covenants are void and unenforceable. They further seek

to require the Recorder to affix to every liber volume a notice that such restrictive covenants are void and unenforceable. And finally they seek a declaration that their rights are being infringed by the Recorder's acceptance for filing of instruments containing such covenants.

Plaintiffs claim that the Recorder's actions in accepting for filing and maintaining public records of racially restrictive covenants cast a cloud on title, inhibit the selling and leasing of property, and, additionally, are in direct violation of Title VIII of the Fair Housing Act of 1968, 42 U.S.C. § 3601 *et seq.*

Defendants have moved to dismiss the complaint on the grounds that the Recorder has not the legal authority to perform those functions demanded by the plaintiffs and that in the performance of his duties he is not impinging on the rights of the plaintiffs nor violating the Fair Housing Act.

After hearing arguments and after studying the briefs and pertinent legislative history of the Fair Housing Act, the Court concludes that it must grant defendants' motion to dismiss.

### II.

The Supreme Court decided years ago that racially restrictive covenants are void and non-enforceable. Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L. Ed. 1161 (1948). So, this Court is concerned now only with the practical effect of the covenants, with the nature of the activities of the Recorder of Deeds, and with the thrust of § 3604(c).

■ (A) Insofar as plaintiffs contend that such covenants cast a cloud on title and affect marketability of their property, their argument to this Court seems tenuous at best. As owners and would-be sellers of their property it is clearly within their own powers to repudiate any offensive clauses contained in their deeds and advise intending purchasers of such repudiation either directly or through the interested brokers. It is stretching too far to say that the presence of the offensive language in a deed in the custody of the Recorder is going to frighten a would-be buyer. We must face the practicality that buyers do not begin their negotiations by examining the records maintained by the Recorder of Deeds. That function is performed by brokers, attorneys and title insurance companies making the record searches. Brokers, lawyers and title insurance companies are fully aware that racially restrictive covenants are not enforceable.

■ (B) It also appears to the Court that the plaintiffs entertain misconceptions as to the functions of the Recorder of Deeds. By statute, 45 D.C.Code § 701 *et seq.* (1967 ed.) his activities are ministerial and his discretion is limited. He does not have the authority to determine the legality of a document presented to him for filing nor the enforceability of any portion of such document. He is not even permitted to alter obvious typographical errors in such instruments. He can neither add nor strike words from the documents presented to him. As the Court of Appeals said shortly after enactment of the statute:

"Undoubtedly, the Recorder of Deeds is in the category of ministerial officers, and has no jurisdiction to pass upon the validity of instruments of writing presented to him for record. It requires no elaboration of law or of the authorities to sustain this contention." Dancy v. Clark, 24 App.D.C. 487, 499 (1905).

The Court went on to point out that even though the Recorder has ministerial discretion to determine whether a document is of the type appropriate for filing, "he is by the law required to receive and file, or receive and record, * * * such instruments as have been duly executed, and which purport on their face to be of the nature of the instruments entitled to be filed or recorded." *Id.*

Courts have always held that the authority of ministerial officers is to be strictly construed as including only such powers as are expressly conferred or

necessarily implied. Youngblood v. United States, 141 F.2d 912 (6th Cir. 1944).

(C) But even though ministerial, if the Recorder's acts are in violation of Federal law, of course they would have to be enjoined. So we turn to an examination of the Fair Housing Act of 1968, in particular § 3604(c), and conclude that plaintiffs have also misunderstood the thrust of § 3604(c).

Section 3604(c) declares it illegal,

"To make, print, or publish, or cause to be made, printed, or published any notice, statement or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, or national origin, or an intention to make any such preference, limitation, or discrimination."

This section is designed to prohibit advertising of dwellings for sale or rent if the advertising excludes certain groups from consideration on the basis of race, religion or national origin. This is the plain import of the words used in the statute; the language cannot reasonably be tortured to embrace anything more.

However, considering the remote possibility that Congress may have intended those unambiguous words to include more than would appear on their face, the Court has exhaustively studied the legislative history of the 1968 Act including those hearings in prior years which finally reached fruition in the 1968 Act. The legislative history clearly shows that § 3604(c) was directed against discriminatory advertisements and against those who use such advertisements to sell or rent dwellings. The Recorder obviously does not engage in any way in the sale or rental of property nor is he otherwise involved in any way with the commercial real estate market. The limit of his activity is to record and maintain documents. Congress plainly so recognized for nowhere in the copious legislative history of the 1968 Act is a recorder of deeds or any other similar governmental functionary even mentioned.

As a witness in the 1967 hearings stated in answer to Senator Ervin's questions about a section of a proposed bill almost identical to the one finally adopted as § 3604(c), "I think it outlaws advertising that is racial in nature."[1] At another point the same witness pointed out that "the real estate industry helps to set the [residential] patterns regardless of what the individual wishes of the home owners may be."[2]

### III.

This type of racially-restrictive covenant finds no favor in the law nor with this Court. However, the Court must conclude that the plaintiffs have brought suit against the wrong parties. Their attack should be against the real estate brokers and/or the Title Insurance Companies which perpetuate such covenants in deeds despite full knowledge as to their unenforceability. The Court takes notice of the fact that this has been the approach in other jurisdictions and has resulted in stipulated agreements to cease using such restrictive covenants. See 42 U.S.C. § 3610.

The defendants' motion to dismiss is granted.

So ordered.

1. Hearings on S. 1026, S. 1318, S. 1362, S. 1462, H.R. 2516, H.R. 10805 Before the Subcomm. on Constitutional Rights of the Senate Comm. on the Judiciary, 90th Cong., 1st Sess., at 233 (1967).

2. *Id.* at 231.