T.C. Memo. 2013-41

UNITED STATES TAX COURT

RONALD W. DAVENPORT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21878-11.                          Filed February 7, 2013.

Ronald W. Davenport, pro se.

<u>Mindy Y. Chou</u>, for respondent.

MEMORANDUM OPINION

CHIECHI, <u>Judge</u>:  Respondent determined a deficiency of $13,013 in, and

respective additions of $829.80 and $461 under section 6651(a)(1) and (2)[1] to,

petitioner's Federal income tax (tax) for his taxable year 2008.

---

[1]All section references are to the Internal Revenue Code in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

**[*2]**   We must decide whether to sustain the determinations that respondent made in the notice of deficiency that respondent issued to petitioner for his taxable year 2008.  We hold that we will sustain those determinations.

Background

All of the facts have been deemed established for purposes of this case under Rule 91(f).

Petitioner resided in Macomb, Michigan, at the time he filed the petition in this case.

During 2008, the taxable year at issue, petitioner performed work for E.I. DuPont de Nemours & Co. (DuPont) for which that company paid him.  DuPont issued to petitioner Form W-2, Wage and Tax Statement (Form W-2), for his taxable year 2008 in which it showed, inter alia, that during that year it had paid him "Wages, tips, other compensation" of $75,536.16.

Petitioner did not file a tax return for his taxable year 2008.  Respondent prepared a substitute for return for that taxable year.

Respondent issued a notice of deficiency (notice) to petitioner for his taxable year 2008.  In that notice, respondent determined, inter alia, that for petitioner's taxable year 2008 petitioner has "Wages, tips, other compensation" of

[*3] $75,536.[2]  Respondent also determined in the notice that petitioner is liable under section 6651(a)(1) and (2) for respective additions to tax of $829.80 and $461.

In the petition that petitioner filed commencing this case, he gave the following reasons for disagreeing with the determinations that respondent made in the notice: "1. Petitioner has no requirement under law to file a Form 1040. 2. Commissioner has no lawful authority to file a substitute for return in this instant case. 3. Petitioner had no taxable income for the year in question." In support of the above-quoted reasons, petitioner alleged the following as facts in the petition: "1. Petitioner's IMF's substantiate the claim I have no requirement to file or mail a Form 1040. 2. The notice of deficiency is based on a substitute for return filed by Ms. Green under sec. 6020(b) which are business forms. The Form 1040 is not listed in this code section, therefore, no lawful authority. 3. Petitioner is not involved in any revenue taxable activity."

On September 5, 2012, petitioner filed a motion to take judicial notice. In that motion, petitioner asserted:

---

[2]In the notice, respondent rounded to the nearest dollar the amount of "Wages, tips, other compensation" that DuPont showed in Form W-2 that it had paid to petitioner during the year at issue. Hereinafter, we shall do the same.

- 4 -

**[\*4]** Petitioner, Ronald W. Davenport, moves the Court to take judicial notice of the following facts:

1. Petitioner was not required to file a form 1040 for the year 2008 pursuant to petitioner's Individual Master File. (Exhibit P-1 thru P-1B include cover letter and all pages (2) related to 2008 record)

2. Petitioner's Individual Master File does not have Statutory Notice of Deficiency posted against petitioner for the year 2008. (Exhibit P-1B shows there is no Transaction Code (TC) 494 posted on the record/file)

3. The law states:

> Title 5 USCA Chapter 5 § 552a(a)(5): the term "system of records" means a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual:

> Title 5 USCA Chapter 5 § 552a(e)(5): maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination.

4. Exhibits P-2 thru P-2B are from the IRS processing codes and information document used to decode the Individual Master File (IMF).

In an Order dated September 11, 2012 (September 11, 2012 Order), we denied petitioner's motion to take judicial notice. In that Order, we found that

**[\*5]** certain statements, contentions, and/or arguments in that motion and in the petition are frivolous and/or groundless. We also reminded petitioner in the September 11, 2012 Order about section 6673(a)(1) and admonished him that if he continued to advance frivolous and/or groundless statements, contentions, and/or arguments, we would impose on him a penalty under section 6673(a)(1) in an amount not exceeding $25,000.

On October 25, 2012, respondent filed a motion to show cause why proposed facts and evidence should not be accepted as established, as provided in Rule 91(f). We granted that motion and issued an Order to show cause in which we ordered petitioner to file a response to that Order to show cause.

On November 15, 2012, petitioner filed a response to the Order to show cause. In that response, petitioner asserted:

> Now comes petitioner in response to the Tax Court's, ORDER TO SHOW CAUSE dated November 1, 2012. Find below petitioner's admission, or objection to each numbered paragraph, set forth in respondent's Exhibit C, with documentation in support thereof.
>
> 1. Petitioner admits his address at the time of petition is correct.
>
> 2. Petitioner objects, for the record, to the admission of an alleged Notice of Deficiency dated June 20, 2011 for alleged taxable year ending December 31, 2008. Objection is under Federal Evidence Rule 104(b), as there is no underlying documentation on the record to support respondent's claim. Attached hereto as Exhibit 1-P

[*6] is a copy of petitioner's most recent IMF dated September 20, 2012, showing fact of material evidence there is no valid statutory notice of deficiency posted to petitioner's record (IMF), specifically Transaction Code 494 does not appear on petitioner's record.

3. Petitioner admits letter dated April 18, 2011 exists. Attached hereto as Exhibit 2-P is a copy of petitioner's response to Maureen Green's letter dated May 11, 2011 complete with Exhibit's proving, to Ms. Green, a material fact that petitioner has no filing requirement under the law to file a Form 1040.

4. Petitioner objects, for the record, to the admission of Maureen Green's alleged delegated authority under I.R.C. 6020(b). Attached hereto as Exhibit 3-P is a current copy from the Internal Revenue Manual showing a material fact to the specific returns which can be filed by Ms. Green under I.R.C. 6020(b). Form 1040 is not listed.

*Youngblood v. United States,* 141 F.2d 912 (6th Cir.)

> "The authority of ministerial officers is to be strictly constructed as including only such powers as are expressly conferred, or necessarily implied," 141 F.2d, at 913.

See also *Mider v. United States,* 322 F.2d 193 (6th Cir. 1963)

5. Petitioner objects, for the record, to the admission of Maureen Green's Declaration for Exhibit's 2-J and 3-J. Attached hereto as Exhibit 4-P is a copy from the Internal Revenue Manual showing a material fact to the specific returns which can be filed by Ms. Green under I.R.C. 6020(b). Form 1040 is not listed. *Youngblood v. United States,* 141 F.2d 912 (6th Cir.)

> "The authority of ministerial officers is to be strictly constructed as including only such powers as are ex-

[*7] pressly conferred, or necessarily implied," 141 F.2d, at 913.

See also *Mider v. United States,* 322 F.2d 193 (6th Cir. 1963)

Maureen Green acted outside her delegated authority and such action was ultra vires.

6. Petitioner objects, for the record, to the admission of the W-2's under Federal Evidence Rule 802 Hearsay.  Attached hereto as Exhibit 5-P is a copy of a cover letter first page of petitioner's IMF dated September 20, 2012 again proving a material fact that petitioner has no requirement under law to file a Form 1040.  The W-2's are irrelevant.  The respondent's act violates the Fourth Amendment to the United States Constitution.

7. Petitioner objects, for the record, to the admission of petitioner's 2008 payroll records under Federal Evidence Rule 802 Hearsay as respondent lacks first hand knowledge of petitioner's wages.  The respondent's act violates the Fourth Amendment to the United States Constitution.

8. Petitioner objects, for the record, to the admission of Affidavit from Karla R. Murray under Federal Evidence Rule 802 Hearsay. The respondent's act violates the Fourth Amendment to the United States Constitution.

9. Petitioner objects, for the record, to the admission of the letter from Karla R. Murray dated, September 5, 2012 under the Fourth Amendment to the United States Constitution.

10. Petitioner objects, for the record, to the admission of the letter from Karla R. Murray dated, October 9, 2012 under Federal Evidence Rule 802 Hearsay, and under the Fourth Amendment of the United States Constitution.

**[*8]** 11. Petitioner objects, for the record, to the admission of respondent's Exhibit 10-J, as respondent does not have the delegated authority to file a substitute for return under I.R.C. 6020(b). Attached hereto as Exhibit 6-P again shows a material fact as to the specific forms that can be filed under I.R.C. 6020(b).

Petitioner does not accept or agree to the alleged facts in respondent's Exhibit C, attached to respondent's motion to show cause, as answered above. In petitioner's Exhibit 1-P, attached hereto, is clear and concise documentation that a statutory Notice of Deficiency, in fact, does not exist against this petitioner for the year 2008. Title 5 USCA Part 1 Chapter 5 Subchapter 11 § 552a (e) (5) statutorily stipulates that records maintained by the Internal Revenue Service, as a Statutory Agency upon an individual shall stand "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination."

In compliance to this codified Administrative requirement that records shall stand with accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual it is statutorily clarified in Title 5 USCA Part 1 Chapter 5 Subchapter 11 § 552a (e) (6) which stipulates the statutory necessity "to assure that such records are accurate, complete, timely, and relevant for agency purposes" wherein said records are used to substantiate agency actions outside its immediate jurisdiction.

WHEREFORE, petitioner moves the Court to deny the respondent's alleged facts of evidence as there is no documentation in the agency's records that support their claim of an alleged Notice of Deficiency. Without the statutory Notice of Deficiency, the petitioner has no requirement to petition this Court, as there is no genuine issue before this Court to adjudicate. Petitioner moves the Court to dismiss with prejudice as a matter of law, there is no subject-matter jurisdiction.

**[\*9]**   In an Order dated November 19, 2012 (November 19, 2012 Order), we made the Order to show cause absolute.  In the November 19, 2012 Order, we indicated that we found that certain statements, contentions and/or arguments that petitioner advanced in his response to the Order to show cause are frivolous and/or groundless.  We also reminded petitioner again in our November 19, 2012 Order, as we did in our Order dated September 11, 2012, about section 6673(a)(1) and admonished petitioner again, as we did in that September 11, 2012 Order, that in the event petitioner (1) continued to advance frivolous and/or groundless statements, contentions, and/or arguments and/or (2) instituted or maintains this proceeding primarily for delay, we would impose on him a penalty under section 6673(a)(1) in an amount not exceeding $25,000.

As required by our standing pretrial order, respondent timely filed a pretrial memorandum in this case.  Petitioner did not.

On December 10, 2012, when this case was called from the calendar (calendar call) for our trial session in Detroit, Michigan, petitioner and counsel for respondent appeared and informed us that the case was ready for trial.  Petitioner informed us at the calendar call that his testimony at trial would last about 10 minutes.  Respondent advised us at the calendar call that although respondent did not intend to call any witnesses, respondent intended to cross-examine petitioner.

**[*10]** On December 10, 2012, when this case was recalled for trial, petitioner and counsel for respondent appeared. When we asked petitioner to go to the witness stand in order to testify, he refused to do so and stated: "The record speaks for itself." We then asked petitioner why he requested a trial, to which he responded: "To come down and present my case. But I cannot be compelled to be a witness against myself". We attempted to confirm that petitioner did not intend to testify by asking him whether we were correct in stating that he did not want to testify, to which he responded: "Right. Under the law I cannot be compelled to be a witness against myself". We admonished petitioner once again about section 6673(a)(1).

Because petitioner declined to testify and respondent did not call any witnesses, we had this case submitted on the basis of the facts deemed established under Rule 91(f).

## Discussion

Petitioner bears the burden of proving error in the determinations in the notice. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

We have found the following facts. During 2008, petitioner performed work for DuPont for which it paid him. DuPont issued to petitioner Form W-2 for his taxable year 2008 in which it reported that during that year it had paid him "Wages, tips, other compensation" of $75,536. Petitioner did not file a tax return

**[*11]** for his taxable year 2008. Respondent prepared a substitute for return for that year. In the notice that respondent issued to petitioner for his taxable year 2008, respondent determined that petitioner has "Wages, tips, other compensation" of $75,536 and that he is liable under section 6651(a)(1) and (2) for respective additions to tax of $829.80 and $461.

On the record before us, we sustain the determinations that respondent made in the notice for petitioner's taxable year 2008.

We turn now sua sponte to section 6673(a)(1), a provision that we brought to petitioner's attention on several occasions. Section 6673(a)(1) authorizes us to impose a penalty in favor of the United States in an amount not to exceed $25,000, inter alia, whenever it appears that a taxpayer's position in a proceeding is frivolous and/or groundless or that the taxpayer institutes or maintains the proceeding primarily for delay.

Despite repeated admonitions to petitioner that we would impose a penalty on him under section 6673(a)(1) if he continued to advance frivolous and/or groundless statements, contentions, and arguments and/or instituted or maintained this proceeding primarily for delay, he persisted in doing so.

On the record before us, we find that petitioner's position in this case is frivolous and groundless and that he instituted and maintained this case primarily

**[\*12]** for delay.  Accordingly, we shall impose on petitioner a penalty under section 6673(a)(1) in the amount of $4,000.

We have considered any statements, contentions, and/or arguments of petitioner that are not frivolous and/or groundless and that are not discussed herein, and we find them to be without merit and/or irrelevant.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.