In re William L. BARNETT, Debtor.

Roger SCHLOSSBERG,
Trustee, Plaintiff,

v.

UNITED STATES of America DEPARTMENT OF the TREASURY INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 83–A–1599.
Adv. No. 85–0205A.

United States Bankruptcy Court,
D. Maryland,
at Rockville.

July 8, 1986.

Roger Schlossberg, Hagerstown, Md., for trustee of the Chapter 7 bankruptcy estate.

Charles Baer, Washington, D.C., for I.R.S.

### MEMORANDUM OF DECISION

PAUL MANNES, Bankruptcy Judge.

Prior to this individual Chapter 7 filing, the Internal Revenue Service ("IRS") levied upon debtor's bank account. The notice of the lien was filed in the wrong county. After the IRS received debtor's funds, it filed a proper notice of lien a few days prior to debtor's Chapter 7 filing. The question presented is whether the Chapter 7 trustee prevails over the Internal Revenue Service in this situation.

## THE FACTS

Roger Schlossberg, Chapter 7 trustee for the bankruptcy estate of William L. Barnett, sued the United States of America ("the United States") pursuant to § 547(b) of the Bankruptcy Code seeking the return of an alleged preference. The trustee alleges that between July 31, 1983, and October 28, 1983, or within 90 days before the date of the filing of the petition in this case, property of the debtor in the amount of $3,148.87 was transferred to the Internal Revenue Service on account of an antecedent debt. More particularly, the transfer was said to have been made on September 22, 1983, by a notice of levy which the United States served on the First National Bank of Maryland. It is undisputed that the debtor was insolvent at the time of that transfer and that if it was an unsecured creditor, the defendant received more than it would receive under Chapter 7 of the Bankruptcy Code if the transfer had not been made.

The facts are not disputed. On May 25, 1981, an assessment was made by the United States against the debtor on account of his 1980 individual income tax return. On June 6, 1982, the United States caused a Notice of Federal Tax Lien for 1980 taxes to be filed against the debtor in the records of the Circuit Court for Montgomery County, Maryland, debtor's then residence. On August 23, 1982, the United States assessed income taxes due under debtor's 1981 individual income tax return, and on December 10, 1982, a Notice of Federal Tax Lien again was filed in the records of the Clerk of the Circuit Court for Montgomery County. At the time that the second tax lien was served, however, the debtor no longer lived in Montgomery County but had moved to Prince George's County, Maryland. Thereafter, on August 29, 1983, the United States served a Notice of Levy on the First National Bank of Maryland on the basis of its liens and the debtor's tax liabilities for 1980 and 1981. On September 22, 1983, the bank transferred the sum of $3,148.87 to the United States pursuant to the levy and the debtor was notified of the transfer. The receipt of the funds reduced debtor's antecedent debt to the Internal Revenue Service. On October 19, 1983, after the levy had been made and the funds transferred to the defendant, the United States filed a third Notice of Federal Tax Lien (this time on account of both the 1981 and 1982 individual tax return liabilities) in the Circuit Court for Prince George's County, Maryland, where the debtor in fact lived.

The debtor filed a petition under Chapter 7 on October 28, 1983.

## DISCUSSION

There is no dispute that the portion of the levy which relates to the lien filed June 6, 1982, for 1980 taxes is unavoidable: that lien was perfected and secured well outside the preference period, and therefore, the levy did not enable the United States to receive more than it would under Chapter 7. The dispute centers around the portion of the levy which relates to the lien for 1981 taxes. The United States urges that because that lien dates back to the Notice which was filed December 10, 1982, also outside the preference period, the levy again only enables the United States to realize on a perfected, secure claim, not to receive more than it would under Chapter 7. The trustee urges that the United States was in fact an unsecured creditor at the time of the levy because it did not hold a lien perfected in accordance with the requirements of 26 U.S.C. § 6323(f)(1)(A)(ii) and § 6323(f)(2)(B).

The applicable sections of the Internal Revenue Code are stated below:

26 U.S.C. § 6323. *Validity and priority against certain persons.*

(a) *Purchases [Purchasers], holders of security interests, mechanic's lienors, and judgment lien creditors.* The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of sub-

section (f) has been filed by the Secretary.

\* \* \* \* \* \*

(f) *Place for filing notice; form.*

(1) *Place for filing.* The notice referred to in subsection (a) shall be filed—

(A) Under State laws.

(i) Real property. In the case of real property, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated; and

(ii) Personal property. In the case of personal property, whether tangible or intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated ...

\* \* \* \* \* \*

(2) *Situs of property subject to lien.* For purposes of paragraphs (1) and (4), property shall be deemed to be situated—

(A) Real property. In the case of real property, at its physical location; or

(B) Personal property. In the case of personal property, whether tangible or intangible, at the residence of the taxpayer at the time the notice of lien is filed.

For purposes of paragraph (2)(B), the residence of a corporation or partnership shall be deemed to be the place at which the principal executive office of the business is located, and the residence of a taxpayer whose residence is without the United States shall be deemed to be in the District of Columbia.

The court finds that the residence of the taxpayer at the time the December 10, 1982, Notice of Federal Tax Lien was filed was Prince George's County, Maryland, and not Montgomery County and therefore the notice of lien was a nullity. The United States did not get the protection described

under 26 U.S.C. § 6323(a) as to purchasers, holders of security interests, mechanic's lienors and judgment lien creditors. Furthermore, the court finds no authority for the proposition that when the United States corrected its error by filing a Notice of Federal Tax Lien on October 19, 1983, it thereby perfected a lien for 1981 taxes which related back to the defective December 10, 1982, filing.

■ If there is one thing that is obvious under the Bankruptcy Code, it is that the trustee, endowed by the Code with the strong arm powers of § 544, is the perfect litigant without flaw. It was the intent of Congress to expand the trustee's powers under the strong arm clause to the fullest extent possible. *See generally,* Levin, *An Introduction to the Trustee's Avoiding Powers,* 53 Am.Bkr.L.Journal 173 (1979). *See also, Norton Bankruptcy Law and Practice,* §§ 30.1 *et seq.,* Avoidance Powers of Trustee Generally (1986).

One text writer has described the position of the United States as follows:

§ 10.01 *Creation and Period of Lien*

If the taxpayer neglects or refuses to pay a tax after demand, the tax (including any interest, penalty, and cost) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to the taxpayer. In general, the lien imposed by § 6321 arises *at the time the assessment is made* and the lien continues until the tax liability for the assessed amount (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by reason of a lapse of time.

Although a lien under § 6321 of the Internal Revenue Code arises at the time the assessment is made, such lien remains unperfected and unsecured until a notice of lien is filed in accordance with § 6323(f). Until such notice of lien is filed, the lien remains unsecured and is a secret lien because the lien is generally unknown to everyone except the Internal Revenue Service (IRS) and the taxpayer.

McQueen and Crestol, *Federal Tax Aspects of Bankruptcy*, § 10.01 (1986). (Emphasis in original.)

In other words, with respect to the levy for 1981 taxes, the United States finds itself today in the position of an unsecured creditor that has received a preference, and as with any other creditor it is subject to the attack of the trustee under § 547(b) of the Bankruptcy Code. It does not reach the safe harbor of § 547(c)(6) regarding a statutory lien not avoidable under § 545. The United States falls short because the statutory lien had not been perfected under 11 U.S.C. § 545(2).

## FINDINGS AND CONCLUSIONS

The court finds therefore that, other than the 1980 tax, for which there was a perfected, unavoidable lien, the part of the levy paid over on September 22, 1983, for tax is a payment on an unperfected claim and is subject to the trustee's avoiding powers.

The result today is no deviation from prior law. In accordance with the general policy against secret liens, the Supreme Court in the case of *United States v. Speers*, 382 U.S. 266, 86 S.Ct. 411, 15 L.Ed.2d 314 (1965), upheld the trustee's position that a statutory lien under § 70 of the Bankruptcy Act made him a statutory judgment creditor who under § 6323 of the Tax Code was in a position superior to the United States' claim for unpaid taxes. As Mr. Justice Fortas said speaking for the court:

> Whether this result is inadvisable need not detain us, for the question is one of policy which in our view has been decided by Congress in favor of the trustee. In any event, it is possible for the Government in cases which it deems appropriate, to avoid a result which it regards with unhappiness by promptly filing notice of its lien. Should experience indicate that inclusion of the trustee within § 6323 is inadvisable, the fact will not be lost upon Congress.

382 U.S. at 276–77, 86 S.Ct. at 417. Indeed, in the dissenting opinion Mr. Justice Black indicated, "A bankruptcy trustee cannot be treated as a judgment creditor except by giving that term an entirely artificial, fictional meaning." 382 U.S. at 279, 86 S.Ct. at 418. Surely, the enactment of § 544(a)(1) answers unmistakably that it is the intention of Congress under the Bankruptcy Code that the trustee be treated as the perfect judgment creditor.

All is not lost for the government. As the Sixth Circuit notes in the case of *In the matter of Autorama Tool & Die Company*, 412 F.2d 369, 370–71 (6th Cir.1969) *cert. denied*, 397 U.S. 1043, 90 S.Ct. 1349, 25 L.Ed.2d 654 (1970), the government has the priority given by § 507(a)(6)(A) of the Bankruptcy Code,[1] which provides that,

> § 507 *Priorities.*
>
> (a) The following expenses and claims have priority in the following order:
>
> \* \* \* \* \* \*
>
> (6) Sixth, allowed unsecured claims of governmental units, to the extent that such claims are for—
>
> (A) a tax on or measured by income or gross receipts—
>
> (i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;
>
> (ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or
>
> (iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case.

Lastly, the court finds that the reliance by the United States upon *In re Debmar*,

---

**1.** The effective statute at the time of the instant case filing.

21 B.R. 858 (BC S.D.Fla.1982) is misplaced. In anticipation of the fact pattern of this case, the bankruptcy court in *Debmar* pointed out that "if the federal tax lien on the account due from Systems Development Corporation or another bank account is not perfected or enforceable against a bona fide purchaser as a result of § 6323(b) of the Internal Revenue Code, then the federal tax lien on those counts should be avoided." 21 B.R. at 861–62. *Debmar* is no help to the position urged by the IRS.

Counsel for the trustee shall submit an order in accordance with the foregoing after conferring with counsel for the United States as to the exact amount subject to this order.